## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| TAKATA CORPORATION, et al.[1] | Case No. 17-_____ (___) |
| Debtors in a foreign proceeding. | (Joint Administration Requested) |

## VERIFIED PETITION FOR ENTRY OF AN ORDER
## RECOGNIZING FOREIGN MAIN PROCEEDINGS

Takata Corporation ("TKJP"), in its capacity as the authorized foreign representative (the "Foreign Representative") of itself, Takata Kyushu Corporation ("TK9") and Takata Service Corporation ("TKS," and with TKJP and TK9, collectively, the "Japanese Debtors" and, together with their direct and indirect subsidiaries, "Takata"),[2] who are debtors in Civil Rehabilitation Proceedings (the "Japanese Proceedings") under the Civil Rehabilitation Act of Japan, Act No. 225 of December 22, 1999 (the "Civil Rehabilitation Act") before the 20th Department of the Civil Division of the Tokyo District Court Japan (the "Japanese Court"), submits: (a) the chapter 15 petitions of the Japanese Debtors filed contemporaneously herewith (the "Chapter 15 Petitions"); and (b) this verified petition (the "Verified Petition") requesting entry of an order, in substantially the form attached hereto as **Exhibit A** (the "Recognition Order"), (i) recognizing

---

[1] The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation. The registered office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan. The registered office for Takata Kyushu Corporation is located at 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan. The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

[2] On June 25, 2017, certain of the Japanese Debtors' affiliates filed for bankruptcy under chapter 11 of the Bankruptcy Code. Those affiliates are: Takata Americas; TK Finance, LLC; TK China, LLC; TK Holdings Inc.; Takata Protection Systems Inc.; Interiors in Flight Inc.; TK Mexico Inc.; TK Mexico LLC; TK Holdings de Mexico, S. de R.L. de C.V.; Industrias Irvin de Mexico, S.A. de C.V.; Takata de Mexico, S.A. de C.V.; and Strosshe-Mex, S. de R.L. de C.V. (collectively, the "Chapter 11 Debtors").

the Japanese Proceedings as foreign main proceedings pursuant to section 1517 of title 11 of the United States Code (the "Bankruptcy Code"); (ii) recognizing TKJP as the "foreign representative," as defined in section 101(24) of the Bankruptcy Code, in respect of the Japanese Proceedings; and (iii) granting such other and further relief as this Court deems just and proper. In support of the Verified Petition, the Foreign Representative submits the *Declaration of Nobuaki Kobayashi in Support of Verified Petition for Recognition and Chapter 15 Relief* (the "Japanese Proceedings Declaration") and the *Foreign Representative's Memorandum of Law in Support of Verified Chapter 15 Petition and Certain Provisional Relief* (the "Memorandum of Law"), each filed contemporaneously herewith and incorporated herein by reference.  In further support of this Verified Petition, the Foreign Representative respectfully represents as follows:

## PRELIMINARY STATEMENT

1.     TKJP, together with its direct and indirect subsidiaries, is an automotive safety company that produces a broad spectrum of passive and active automotive safety technology, including seat belts, airbag systems, steering wheels, and other electronic devices.

2.     On June 26, 2017 (Japanese time), the Japanese Debtors filed their petitions to commence the Japanese Proceedings (the "Japanese Petitions") with the Japanese Court pursuant to Article 21(1) of the Civil Rehabilitation Act.

3.     The Foreign Representative has commenced these chapter 15 cases (these "Chapter 15 Cases") to request the assistance of this Court in giving effect in the United States to the Japanese Proceedings and to assist the Japanese Court in connection with the proposed global transaction with Key Safety Systems, Inc. ("KSS"), which is generally described below, without which the Japanese Debtors, the Chapter 11 Debtors, and their non-debtor affiliates will be unable to resolve their liabilities, which potentially measure into the tens of billions of dollars. The proposed transaction with KSS is designed to allow for the successful emergence and

continuation of Takata's business, preserving tens of thousands of jobs and ensuring that Takata's business partners continue to have access to critical components that ensure the safety of drivers worldwide.

4.      By this Verified Petition, the Foreign Representative requests the assistance of this Court to promote the successful restructuring of the Japanese Debtors' business by: (a) recognizing the Japanese Proceedings as foreign main proceedings, (b) recognizing TKJP as the "foreign representative," as defined in section 101(24) of the Bankruptcy Code, in respect of the Japanese Proceedings; and (c) granting certain related relief.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

7.      The statutory predicates for the relief requested in this Verified Petition are sections 1501, 1515, and 1517 of the Bankruptcy Code.

## BACKGROUND

### A.      General Background on the Company's Business

8.      Takata is one of the world's leading automotive safety systems companies, supplying nearly all of the world's major automotive manufacturers with a product range that includes seat belts and airbag systems, as well as steering wheels, child restraint systems, and electronic devices such as satellite sensors and electronic control units.  Founded in 1933 as a textile company in Shiga Prefecture, Japan, Takata began to focus on automotive safety systems

in the early 1950s.  Over the following decades, Takata became a leader in automotive safety systems and expanded around the globe.  Indeed, Takata has been and continues to be recognized for its high quality manufacturing by customers, as well as by third-party organizations.  This is evidenced not only by Takata's receipt of over two hundred and fifty (250) awards for research and development, safety, quality, and delivery, but also by its strong and long-standing relationships with its customers, also known as original equipment manufacturers (the "OEMs").  Many of Takata's customers have had business relationships with Takata for over fifty (50) years, handling multiple product lines on a single vehicle platform.

9.      As of the filing of this Verified Petition, Takata globally operates more than fifty (50) manufacturing plants and research & development centers in over twenty (20) countries and on five (5) continents.  Takata is one of the most vertically integrated manufacturers in the global automotive safety industry, manufacturing many of the component parts of its automotive safety products in-house, and the Japanese Debtors and their direct and indirect subsidiaries provide component parts and services to the entire Takata enterprise.

10.     For the twelve (12) months ended March 31, 2017, the audited and consolidated financial statements of TKJP and its Debtor and non-Debtor subsidiaries reflected total sales of approximately $6.1 billion and a net loss of approximately $733.8 million.  As of March 31, 2017, Takata's audited and consolidated financial statements reflected assets totaling approximately $3.9 billion and liabilities totaling approximately $3.7 billion.

11.     For management purposes, Takata's global operations are grouped into four (4) regions: Japan, Asia (excluding Japan), the Americas, and EMEA (Europe, the Middle East, and Africa).  A detailed summary of the Japanese Debtors' current organizational structure is attached hereto as **Exhibit E**.

**B.**     **The Japanese Debtors' Capital Structure**

*Equity Ownership*

12.     The Japanese Debtors are corporations organized under the laws of Japan.  TKJP is a public company and, until recently, was listed on the Tokyo Stock Exchange.  As a result of TKJP's filing its Civil Rehabilitation proceeding and related stock-market regulations of the Tokyo Stock Exchange, the shares of TKJP's common stock were delisted effective as of July 27, 2017.  The Takada family, who founded Takata, has a majority ownership in TKJP through TKJ Corporation, which owns 52.1% of the equity in TKJP.  TKJP is the parent company of the global Takata enterprise and directly controls 100% of the common equity of the other Japanese Debtors in these cases, including directly owning 100% of the equity in TK9 and TKS.

*Funded Debt Obligations[3]*

13.     As of the filing of the Japanese Petitions, TKJP had outstanding funded debt obligations in an aggregate amount of approximately $590 million consisting of (i) approximately $320 million in principal amount of bank debt and (ii) approximately $269 million in principal amount of unsecured bonds.  The bank lenders do not have any liens against Takata's assets in connection with borrowed funds, but they do have the ability to offset borrowed funds against Takata's deposit accounts under certain circumstances, including a payment default, and have exercised their setoff rights against certain funds.

*Trade Payables*

14.     In the ordinary course of business, the Japanese Debtors incur fixed, liquidated, and undisputed payment obligations (the "Trade Payables") to various third-party providers of goods and services that facilitate the Japanese Debtors' business operations.  As disclosed in the

---

[3]    The dollar amounts used to describe the Japanese Debtors' funded debt obligations are based on currency exchange rates as of June 25, 2017.

petitions filed by the Japanese Debtors in the Japanese Proceedings, the Japanese Debtors estimate that they had aggregate Trade Payables outstanding as of May 30, 2017 in the amount of approximately 20 billion yen (or approximately $178 million, based on the exchange rate prevailing at the time the Japanese Debtors filed their petitions).

*Intercompany Transactions*

15.     In the ordinary course of business, the Japanese Debtors maintain business relationships between and among the Japanese Debtors, the Chapter 11 Debtors, and also with certain non-debtor affiliates that generate intercompany receivables and payables from a variety of transactions, including intercompany services, reimbursement for shared business expenses, and intercompany loans.  The intercompany claims are tracked on a net basis on a schedule of intercompany balances.

16.     In particular, TK Holdings, Inc. ("TKH"), one of the Chapter 11 Debtors, owes TKJP $33.4 million in intercompany trade claims (which amount reflects aggregate net amounts owed by TKH), of which approximately $10 million relate to goods delivered within twenty (20) days of TKH's and the other Chapter 11 Debtors' petition date, and $80 million in intercompany loans pursuant to two separate intercompany loan agreements with TKJP:  the first, dated March 31, 2016, in the amount of $30 million and the second, dated March 18, 2016, in the amount of $50 million.

**C.     Events Leading to the Japanese Proceedings**

17.     Recently, Takata has experienced financial distress due to issues relating to certain of its products.   Specifically, certain airbag inflators containing phase-stabilized ammonium nitrate (the "PSAN Inflators") manufactured by Takata have ruptured during deployment of the airbag.  The rupture of these PSAN Inflators prompted Takata and certain OEMs to take actions to initiate wide-ranging recalls of vehicles in the United States and

6

overseas, in coordination with regulatory authorities, including the National Highway Transportation Safety Administration ("NHTSA") in the United States and the Ministry of Land, Infrastructure, Transport and Tourism in Japan.  Although the Japanese Debtors do not manufacture inflators, they manufacture airbag systems with inflators purchased from other Takata entities—including PSAN Inflators—and sell those airbag systems to Japanese automakers.  Therefore, certain models of vehicles equipped with airbag systems that the Japanese Debtors manufactured and contain PSAN Inflators are also being recalled.  The OEMs have asserted substantial liabilities against the Takata entities, including the Japanese Debtors, arising out of claims, rights of reimbursement, indemnification, setoff, and other similar rights against Takata for the costs and expenses incurred by the OEMs arising out of the airbag system recall.

*The DOJ Plea Agreement*

18.     On January 13, 2017, TKJP, the Department of Justice, Criminal Division, Fraud Section (the "DOJ"), and the United States Attorney's Office for the Eastern District of Michigan (together with the DOJ, the "Offices") announced and submitted to the District Court for the Eastern District of Michigan (the "District Court") a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (the "Plea Agreement").  Pursuant to the Plea Agreement, TKJP pled guilty to a single count of wire fraud and agreed to pay a $25 million criminal fine to the Offices, as well as $975 million in restitution payments to certain victims (the "Restitution Payments" and the funds established to administer such payments, the "Restitution Funds") to be administered by a special master appointed by the District Court (the "Special Master").[4]  On February 27, 2017, the District Court approved the Plea Agreement and

---

[4]     In accordance with the Plea Agreement, the $25 million criminal fine and $125 million of the Restitution Payments were each paid prior to the commencement of the Japanese Proceedings.  The

entered a restitution order (the "Restitution Order") indicating, among other things, that the District Court would appoint the Special Master. The Plea Agreement permits TKJP to seek reimbursement and/or contribution from its affiliates and subsidiaries for the Restitution Payments. To date, TKJP has paid the $25 million fine and $125 million of the Restitution Payments to recompense individuals who suffered (or will suffer) personal injury caused by the malfunction of a PSAN Inflator.

19.     Although the approval of the Plea Agreement and entry of the Restitution Order marked a pivotal milestone in Takata's restructuring process by fixing Takata's exposure to the United States government for criminal liabilities, the fines and penalties imposed thereunder are significant and must be satisfied in full for Takata to have any hope of continuing its operations going forward. If the remaining $850 million in Restitution Payments are not satisfied in full by TKJP and/or its affiliates by March 4, 2018, the DOJ retains the right to withdraw the Plea Agreement and pursue criminal charges and penalties above and beyond those that were settled under the Plea Agreement against all Takata entities, including the Japanese Debtors. For this reason, and to ensure that Takata's non-PSAN safety businesses are sold to an entity with a safety record capable of continuing to manufacture high quality safety products for inclusion into vehicles sold around the world, it is vital to the continuation of Takata's business that Takata execute a deal with a sponsor that is willing to provide the funds to make (or is willing to assume the obligation to pay) the remaining Restitution Payments before the March 4 deadline.

---

outstanding $850 million in Restitution Payments is due by no later than five (5) days after the closing of any sale, merger, acquisition, or combination involving a transfer of control of TKJP, which must occur by no later than February 27, 2018.

*Formation of the Steering Committee and Pre-filing Restructuring Efforts*

20.     To respond to the financial and operational issues concerning the above PSAN Inflator recall, TKJP's board of directors appointed an independent advisory committee consisting of five (5) legal and financial professionals (the "Steering Committee") in February 2016 for the purpose of formulating a comprehensive restructuring plan for Takata.  Recognizing that seeking an out-of-court restructuring would provide the most stability for Takata to ensure an uninterrupted, stable supply of its products to its customers, the Steering Committee exchanged views on a broad range of subjects with stakeholders, including the OEMs and financial institutions that are major creditors of Takata, and engaged in activities toward formulating a restructuring plan, including a sponsor selection process, while weighing various interests of the stakeholders.  During the course of the sponsor selection process, the Steering Committee retained a financial adviser and contacted a number of business companies and investment funds on a global basis.  As a result of those efforts, the Steering Committee recommended KSS as the potential sponsor for Takata, taking into account, among other things, the amount of the proposed financial support, the level of certainty that KSS could implement the deal without delay, and the support from the OEMs.

21.     However, despite multiple discussions with stakeholders, including major creditors, and potential sponsors, TKJP was unable to reach an agreement for an out-of-court restructuring plan and, therefore, absent further action by TKJP, TKJP believed it would face a cash shortage soon.  Moreover, if this cash shortage were to materialize, the stable supply of TKJP's products would be threatened, its corporate value would significantly fall, and there would be no way to restructure its business through its cooperative efforts with various automakers and financial institutions, to the harm of its creditors and other parties in interest.

Notably, such a result would frustrate the goal of implementing the PSAN Inflator recalls, in accordance with the orders and instructions issued by the regulatory authorities.  As a result, on June 26, 2017, TKJP was advised by the Steering Committee that it was reasonable for the Takata global enterprise to adopt, as part of its restructuring plan, civil rehabilitation proceedings in Japan and Chapter 11 proceedings in the United States  Therefore, given the above advice from the Steering Committee, Takata resolved to file petitions for the commencement of civil rehabilitation proceedings and reached a tentative agreement in principle with KSS, which would include the sale of substantially all of the Japanese Debtors' assets, with the aim of rebuilding Takata's Japanese business under the civil rehabilitation proceedings.  As discussed below, on June 26, the Japanese Debtors filed the Japanese Petitions.  Immediately after that filing, the Japanese Debtors entered into (i) an interim accommodation agreement with certain major OEMs to provide certain financial support and other accommodations on an interim basis (the "Interim Accommodation Agreement") [5] and (ii) a DIP financing agreement with a financial institution.

*The Proposed Global Restructuring Transaction with KSS*

22.     The Japanese Debtors commenced the Japanese Proceedings, in coordination with the Chapter 11 Debtors' cases (the "Chapter 11 Cases"), having made significant progress in finalizing the terms of the definitive agreements regarding a global sale transaction with KSS— and with the support of a significant majority of the OEMs—that will pave a path for a relatively quick and successful emergence of the Company's business from restructuring.  Specifically, Takata is contemplating a transaction with KSS for the sale of potentially all of Takata's global operations (but excluding the assets related to the manufacture of PSAN Inflators) with a base purchase price targeted at $1.588 billion, subject to certain adjustments.  Importantly, the

---

[5]     The Interim Accommodation Agreement expired by its terms on July 31, 2017.  The Japanese Debtors and certain major OEMs have since entered into a final, long-form accommodation agreement (the "Final Accommodation Agreement").

transaction proposes that the obligation to pay the $850 million of Restitution Payments under the Plea Agreement will be satisfied through the sale proceeds from KSS.  In addition to the purchase price, KSS would agree to an "earn out" payment to Takata of up to $400 million depending upon achievement of certain financial metrics post-closing.  To obtain support for the transaction with KSS, Takata expects to reach a restructuring support agreement with the OEMs that, in the aggregate, purchased approximately ninety percent (90%) of PSAN Inflators sold by Takata as of March 2017 and hold a substantial majority of the total unsecured claims against the Takata entities (the "Consenting OEMs").

23.     As part of that transaction, the Japanese Debtors, KSS, and the Consenting OEMs will have agreed, in principle, to the sale of substantially all of the Japanese Debtors' assets to KSS, which, subject to the approval of the Japanese Court, the Japanese Debtors expect to be consummated pursuant to a business transfer implemented pursuant to sections 42 and 43 of the Japanese Civil Rehabilitation Act, which is similar to a sale under section 363 of the Bankruptcy Code implemented in a case under Chapter 11 of the Bankruptcy Code, followed by a liquidating plan for the reorganized Japanese Debtors.

### D.     Commencement of the Japanese Proceedings

24.     On June 26, 2017, the Japanese Debtors filed the Japanese Petitions with the Japanese Court pursuant to Article 21(1) of the Japanese Civil Rehabilitation Act.  On the same day, the Japanese Court issued orders (the "Supervisor Appointment Orders") appointing Mr. Katsuyuki Miyakawa, a Japanese attorney, as the Japanese Debtors' supervisor (the "Supervisor").  On June 28, 2017, the Japanese Court issued orders (the "Commencement Orders", and together  with the Supervisor Appointment Orders, the "Japanese Court Orders")[6]

---

[6]   Copies of the Japanese Court Orders, with English translations, are attached hereto as **Exhibits B** and **C** and are also attached to the Japanese Proceedings Declaration as Exhibits A and B.

approving the commencement of the Japanese Debtors' proceedings under the Civil Rehabilitation Act and, among other things, established August 25, 2017 as the deadline to submit proofs of rehabilitation claims.  Under the Japanese Court Orders, the Japanese Debtors are supervised by the Supervisor and cannot take any action that is seen to be outside of the ordinary course of their business, including, but not limited to, initiating or pursuing any legal proceeding, without the consent of the Supervisor.

25.     Under the current status of the Japanese Proceedings, the Supervisor does not have the authority to manage the assets of the Japanese Debtors.  As a consequence, the current management of the Japanese Debtors remains in place and is allowed to continue to operate their businesses as debtors-in-possession, subject to the limitations of the Japanese Court Orders and the Civil Rehabilitation Act, under which, among other things, a rehabilitation debtor shall have the obligation, vis-a-vis creditors, to continue to operate its business and conduct rehabilitation proceedings in a fair and sincere manner.

26.     On August 7, 2017 (Japan time), the Supervisor, pursuant to the powers conferred upon him under the Japanese Civil Rehabilitation Act and the Japanese Court Orders, issued a consent authorizing (i) the Japanese Debtors to file these Chapter 15 Cases, and (ii) TKJP to serve as the foreign representative of the Japanese Debtors (the "Supervisor Consent").[7]

### E.     The Center of Main Interest for the Japanese Debtors is Japan

27.     The center of main interests for the Japanese Debtors' enterprise is in Japan.  The Takata business was started in Japan since 1933 when it began operations as a textile business in Shiga Prefecture, Japan.  Each of the Japanese Debtors is a Japanese corporation and has its registered office and head office in Japan.  Specifically, TKJP and TKS have their registered

---

[7]     Copies of the Supervisor Consent, with English translations, are attached hereto as **Exhibit D** and are also attached to the Japanese Proceedings Declaration as Exhibit C.

offices in Tokyo, Japan.  TK9 has its registered office in Saga, Japan.  The head offices for

TKJP, TKS, and TK9 are located in the Japanese prefectures of Tokyo, Shiga, and Saga,

respectively.  TKJP was publicly listed in the First Section of the Tokyo Stock Exchange from

2006 until its delisting effective as of July 27, 2017.

28.     Japan is the nerve center of the Japanese Debtors' management, business, and

operations.  The following (non-exhaustive) critical functions are performed for the Japanese

Debtors in Japan:

     a.     the operations of the Japanese Debtors are directed from their respective head offices, each of which are in Japan;

     b.     corporate governance for the Japanese Debtors is directed from Japan;

     c.     the officers and directors of the Japanese Debtors are based in Japan;

     d.     strategic operating decisions and key policy decisions for the Japanese Debtors are made by staff located in Japan;

     e.     the Japanese Debtors' human resources functions are administered from Japan;

     f.     the Japanese Debtors' information technology and systems are directed from Japan; and

     g.     all public company reporting and investor relations for the Japanese Debtors are (or were) directed from Japan.

The Japanese Debtors also operate seven (7) manufacturing plants and one (1) research and

development facility in Japan, they have approximately 1,300 employees in Japan, and their

principal assets are located in Japan.  The Japanese Debtors do not directly conduct operations

outside of Japan, nor do they have material assets, offices, or employees outside of Japan.

29.     Finally, many of the creditors of the Japanese Debtors are based in Japan.  This

includes TKJP's bank lenders, holders of its unsecured bonds, many of the vendors and suppliers

that Takata utilizes in operating its facilities, and the Japanese-based OEMs with whom TKJP transacts.

        **F.**     **<u>Commencement of these Chapter 15 Cases and Reason for Relief</u>**

30.     On the date hereof, the Foreign Representative commenced these Chapter 15 Cases by filing the Chapter 15 Petitions pursuant to sections 1504 and 1515 of the Bankruptcy Code to, among other things, seek recognition of the Japanese Proceedings. Concurrently with the filing of this Verified Petition, the Foreign Representative has requested joint administration and procedural consolidation of these Chapter 15 Cases pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

31.     Importantly, these Chapter 15 Cases have been commenced to ensure the smooth and effective implementation of the global transaction to restructure the Takata business. The goal of these proceedings is to obtain a stay of litigation against TKJP in the United States (which litigation is generally described below and disclosed in the schedules filed with the Court in accordance with Bankruptcy Rule 1007(a)(5)), protect United States-based assets, and obtain recognition and enforcement of (i) the transactions to be approved in the Japanese Proceedings that are relevant to the Japanese Debtors' interests in the United States and (ii) the civil rehabilitation plan to be approved in the Japanese Proceedings.

*Assets in the United States*

32.     The Japanese Debtors' principal assets in the United States consist of (i) TKJP's ownership of 0.4% of the common stock of TKH, a Delaware corporation, which is considered to be located in Delaware pursuant to applicable Delaware law, and (ii) a retainer provided to the Japanese Debtors' Delaware counsel in these Chapter 15 Cases, Young Conaway Stargatt & Taylor, LLP, which is maintained in a bank account located in Delaware. The Japanese Debtors have no other assets in the United States.

*Litigation in the United States*

33.     Approximately one hundred (100) personal injury and wrongful death lawsuits relating to the PSAN Inflators are currently pending in state and federal courts within the United States.  The lawsuits allege product liability claims based in almost all instances on inflator ruptures, deployments with excessive force, and failures to deploy, primarily against TKH and TKJP, with some claims also being made against certain of their Debtor and non-Debtor affiliates.

34.     TKH, TKJP, and certain OEMs have also been named defendants in a putative nationwide consumer class action currently pending in a centralized, multi-district litigation proceeding in the Southern District of Florida (the "United States Economic Loss Class Action"). The consolidated United States Economic Loss Class Action, which aggregated roughly eighty (80) separately filed consumer class actions, purports to represent (i) approximately fifty million (50,000,000) consumers who purchased or leased vehicles with recalled PSAN Inflators prior to the recalls and, following the recalls, still owned or leased the vehicles, sold the vehicles, or received some value for the vehicles after accidents and (ii) automotive recyclers that purchased vehicles containing airbag systems with recalled PSAN Inflators prior to the recalls and following the recalls either continued to possess the airbag systems or sold the airbag systems to Takata or an OEM.

35.     Consumer protection actions have also been filed by applicable government authorities in Hawaii, the U.S. Virgin Islands, and New Mexico against TKJP, TKH, and certain OEMs seeking a combination of civil penalties, administrative fines, restitution for consumers, disgorgement of profits, and injunctive relief.  Some of the complaints assert liability based upon legal theories other than consumer protection.  In the U.S. Virgin Islands action, the government

filed a motion for a preliminary injunction at the time it filed the complaint, which sought to have the court order TKH to pay into an escrow fund monies that could be used to satisfy any damages ultimately awarded to the Virgin Islands against TKH.  On June 25, 2017, after press reports suggesting that Takata may commence insolvency proceedings on or around June 25th or June 26th, the court entered an *ex parte* order requiring TKH to pay "forthwith" approximately $8 million into the court's escrow account.

36.     Additionally, unrelated to the malfunctioning of PSAN Inflators, TKH and TKJP also are named defendants in four (4) antitrust putative class actions currently proceeding as a multi-district litigation pending for pre-trial purposes before the District Court.  These actions purport to be on behalf of certain direct and indirect purchaser plaintiff groups alleging antitrust-related claims relating to the sale of certain occupant safety systems, including airbag systems, seat belts, steering wheels, and electronic safety systems.

37.     Pursuit of these actions, while Takata is seeking to reorganize, will frustrate the global goal of the Takata entities to preserve value for their stakeholders, including to ensure that the PSAN Inflator recall can be properly and fully implemented, by distracting Takata management from efforts to save the business.  Additionally, TKJP and TKH are named as codefendants in many of these actions, and there is a risk to TKH and its Chapter 11 Cases if actions continue to proceed against its corporate parent TKJP, while TKH is protected by the automatic stay.  Granting recognition to the Japanese Proceedings and implementing a stay against United States-based litigation will promote the goals of both the Japanese Proceedings and the global Takata restructuring.

## **RELIEF REQUESTED**

38.     The Foreign Representative requests entry of the Recognition Order, in substantially the form attached hereto as **Exhibit A**, granting the following relief:

a.    recognizing the Japanese Proceedings as foreign main proceedings under section 1517 of the Bankruptcy Code;

b.    recognizing TKJP as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the Japanese Proceedings;

c.    automatic relief as of right upon recognition of a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code, including, but not limited to, the automatic stay provided for by section 362 of the Bankruptcy Code; and

d.    awarding the Foreign Representative such other and further relief as this Court deems just and proper.

## BASIS FOR RELIEF REQUESTED

39.    As set out in greater detail by the Memorandum of Law, the Foreign Representative has satisfied each of the requirements of recognition contained in Chapter 15 of the Bankruptcy Code:

a.    The Japanese Proceedings are collective, judicial proceedings under which the Japanese Debtors' assets and affairs are subject to the supervision of the Japanese Court, thus meeting the definition of a "foreign proceeding" as defined in Section 101(23) of the Bankruptcy Code.

b.    The Japanese Proceedings are pending in Japan, which is the "center of main interests" for the Japanese Debtors, as such term is used in sections 1502(4), 1516(c) and 1517(b)(1) of the Bankruptcy Code.

c.    Therefore, the Japanese Proceedings are "foreign main proceedings" as defined in section 1502(4) of the Bankruptcy Code.

d.    TKJP qualifies as a "foreign representative" as defined in section 101(24) of the Bankruptcy Code.

e.    This Verified Petition meets the requirements of section 1515 of the Bankruptcy Code.

## NOTICE

40.    Notice of this Verified Petition will be provided as set forth in the *Foreign Representative's Motion for Entry of an Order Scheduling the Recognition Hearing and Specifying the Form and Manner of Service*, filed concurrently herewith, or as otherwise directed

by the Court.  Such notice will also be provided to: (a) counsel to the Chapter 11 Debtors; (b) counsel to any official committee appointed in the Chapter 11 Debtors' cases; (c) the Office of the United States Trustee for the District of Delaware; (d) the Offices of the United States Attorney for each of the District of Delaware and the Eastern District of Michigan; (e) NHTSA; (f) the Department of Justice, Criminal Division, Fraud Section; (g) counsel for the Consenting OEMs, Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, DE 19899 (Attn: Derek C. Abbott, Esq.); and (h) counsel to Key Safety Systems, Inc.  The Foreign Representative submits that the foregoing notice constitutes reasonable and proper notice under the circumstances, and that no other or further notice is necessary or required.

WHEREFORE, the Foreign Representative respectfully requests (a) after notice and a hearing, entry of the Recognition Order, substantially in the form attached hereto as **Exhibit A**, and (b) that the Court grant such other relief as is just and proper.

Dated: August 9, 2017
Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pauline K. Morgan*

Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Ryan M. Bartley (No. 4985)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

NAGASHIMA OHNO & TSUNEMATSU
Nobuaki Kobayashi (*pro hac vice admission pending*)
JP Tower
2-7-2 Marunouchi, Chiyoda-ku
Tokyo 100-7036, Japan
Telephone:  +81-3-6889-7000
Facsimile:  +81-3-6889-8000

*Counsel to the Foreign Representative*

**VERIFICATION OF PETITION**

Hiroshi Shimizu, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury under the laws of the United States of America as follows:

I am an Executive Vice President and Executive Director of Takata Corporation, which is the duly appointed foreign representative of the Japanese Debtors. As such, I have full authority to verify the foregoing Verified Petition on behalf of the Japanese Debtors.

I have read the foregoing Verified Petition, and I am informed and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

Dated: August 9 , 2017
Tokyo, Japan

TAKATA CORPORATION, as Foreign Representative

By:    Hiroshi Shimizu
Title: Executive Vice President and
Executive Director

**<u>Exhibit A</u>**

**Proposed Recognition Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 15 |
| TAKATA CORPORATION, et al.[1] | Case No. 17-_____ (___) |
| Debtors in a foreign proceeding. | (Jointly Administered) |

## ORDER GRANTING FINAL RELIEF FOR
## RECOGNITION OF A FOREIGN MAIN PROCEEDINGS

This matter coming before the Court on the chapter 15 petitions and the *Verified Petition for Entry of an Order Recognizing Foreign Main Proceedings* (together, the "Verified Petition")[2] of Takata Corporation ("TKJP"), in its capacity as the authorized foreign representative (the "Foreign Representative") of itself, Takata Kyushu Corporation ("TK9") and Takata Service Corporation ("TKS," and with TKJP and TK9, collectively, the "Japanese Debtors")  who are debtors in Civil Rehabilitation Proceedings (the "Japanese Proceedings") under the Civil Rehabilitation Act of Japan, Act No. 225 of December 22, 1999 (the "Civil Rehabilitation Act") before the 20th Department of the Civil Division of the Tokyo District Court Japan  (the "Japanese Court"); and upon the Japanese Proceedings Declaration and the Memorandum of Law; and having considered the statements of counsel with respect to the Petitions at a hearing before this Court (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United*

---

[1]   The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation.  The registered office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan.  The registered office for Takata Kyushu Corporation is located at 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan. The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition.

*States District Court for the District of Delaware*, dated February 29, 2012; and this matter being

a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and

the Verified Petition in this district being proper pursuant to 28 U.S.C. § 1410; and appropriate

notice of and the opportunity for a hearing having been given; and the relief requested in the

Verified Petition being necessary to preserve the value of the Japanese Debtors' assets and

business and in the best interests of the Japanese Debtors' estates, their creditors and other

parties in interest; and the Court having determined that the relief requested in the Verified

Petition is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal

and factual bases set forth in the Verified Petition establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND

CONCLUSIONS OF LAW:

A.      The findings and conclusions set forth herein constitute the Court's findings of

fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this

proceeding pursuant to Bankruptcy Rule 9014.  To the extent that any of the following findings

of fact constitute conclusions of law, they are adopted as such.  To the extent that any of the

following conclusions of law constitute findings of fact, they are adopted as such.

B.      TKJP, a Japanese Corporation, is a person within the meaning of section 101(41)

of the Bankruptcy Code and is the duly appointed foreign representative of each of the Japanese

Debtors within the meaning of section 101(24) of the Bankruptcy Code.

C.      These Chapter 15 Cases were properly commenced pursuant to sections 1504 and

1515 of the Bankruptcy Code.

D. The Chapter 15 Petitions meet the requirements of section 1515 of the Bankruptcy Code and the Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

F. The Japanese Proceedings are "foreign proceedings" pursuant to section 101(23) of the Bankruptcy Code.

G. The Japanese Proceedings are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H. Japan is the center of main interests for each of the Japanese Debtors.

I. The Japanese Proceedings pending in the Japanese Court, in the location that is the Japanese Debtors' center of main interest, constitute foreign main proceedings pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J. The Foreign Representative is entitled to all of the relief set forth in section 1520 on the Bankruptcy Code.

K. All creditors and other parties in interest are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

L. The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted pursuant to sections 105(a), 1517, 1520, and 1522 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted.

Based on the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED THAT:

1.        The Verified Petition is GRANTED as set forth herein.

2.        The Japanese Proceedings are hereby recognized as "foreign main proceedings" pursuant to section 1517(b)(1) of the Bankruptcy Code, and orders that have been entered therein are hereby recognized for all purposes under chapter 15 of the Bankruptcy Code, regardless of whether expressly discussed herein.

3.        TKJP is the duly appointed foreign representative of the Japanese Debtors within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Japanese Debtors during the Chapter 15 Cases.

4.        The Japanese Court Orders are hereby enforced and recognized on a final basis and given full force and effect in the United States.

5.        All relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted without limitation.  Specifically, and subject to Paragraph 6 of this Order, the automatic stay provisions of section 362 of the Bankruptcy Code shall operate as a stay of any litigation against the Japanese Debtors or execution against any property of the Japanese Debtors within the territorial jurisdiction of the United States.

6.        Notwithstanding anything to the contrary contained herein, nothing in this Order (i) serves to grant any injunction that is prohibited under section 1519(d) or 1521(d) of the Bankruptcy Code, (ii) impairs or limits any rights or obligations of the Debtors or the OEMs that are parties to the Final Accommodation Agreement from enforcing the terms of that agreement or exercising their rights thereunder, to the extent permitted by the Civil Rehabilitation Act and any applicable order of the Japanese Court, or (iii) prevents a party holding a claim against any

of the Japanese Debtors from filing such claim in the Japanese Proceedings, *provided however*, that all parties who believe they have a claim against any of the Japanese Debtors are obligated to file such claim in the Japanese Proceedings, and, in accordance with the Civil Rehabilitation Act, and failure to do so may result in a waiver of such claim or having such claim be barred from being asserted against the Japanese Debtors.

7.      Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and that certain *Order Granting Limited Provisional Relief for Recognition of a Foreign Proceeding* [Docket No. __] (the "Provisional Relief Order") shall remain in full force and effect.  To the extent there is any inconsistency between this Order and the Provisional Relief Order, the language in this Order shall control.

8.      No action taken by the Foreign Representative, the Japanese Debtors, or each of their successors, agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Japanese Proceedings, the Japanese Court Orders, this Order, or the Chapter 15 Cases or any adversary proceeding therein, or any further proceeding commenced thereunder, shall be deemed to constitute a waiver of the protections afforded such person under sections 306 and 1510 of the Bankruptcy Code.

9.      Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and

may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

10. Without limiting any other service requirements under this Court's prior order prescribing the form and manner of notice in these Chapter 15 Cases, a copy of this Order shall be served, within three business days of entry of this Order, by first class mail, postage prepaid, upon all persons or bodies authorized to administer foreign proceedings of any of the Japanese Debtors, all parties to litigation pending in the United States to which any Japanese Debtor was a party at the time of the filing of the Petition, and the United States Trustee.

11. Such service shall be good and sufficient service and adequate notice for present purposes.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated:  August ____, 2017
      Wilmington, Delaware

                                                 _____
                                                 BRENDAN LINEHAN SHANNON
                                               CHIEF UNITED STATES BANKRUPTCY JUDGE

## **Exhibit B**

**Supervisor Appointment Orders**

平成２９年（再）第２０号　再生手続開始申立事件

<div align="center">

## 決　　定

</div>

　　　　東京都港区赤坂二丁目１２番３１号
　　　　再生債務者　タカタ株式会社
　　　　代表者代表取締役　髙田　重久

<div align="center">

## 主　　文

</div>

１　タカタ株式会社について監督委員による監督を命ずる。
２　監督委員として，次の者を選任する。
　　　　東京都千代田区丸の内３丁目３番１号　新東京ビル２２５区
　　　　東京丸の内法律事務所
　　　　弁護士　宮川　勝之
３　監督委員は，再生債務者が，民事再生法１２０条１項に規定する行為によって生ずべき相手方の請求権を共益債権とする旨の裁判所の許可に代わる承認をすることができる。
４　再生債務者が次に掲げる行為をするには，監督委員の同意を得なければならない。ただし，再生計画認可決定があった後は，この限りでない。
　(1)　再生債務者が所有又は占有する財産に係る権利の譲渡，担保権の設定，賃貸その他一切の処分（常務に属する取引に関する場合を除く。）
　(2)　再生債務者の有する債権について譲渡，担保権の設定その他一切の処分（再生債務者による取立てを除く。）
　(3)　財産の譲受け（商品の仕入れその他常務に属する財産の譲受けを除く。）
　(4)　貸付け
　(5)　金銭の借入れ（手形割引を含む。）及び保証
　(6)　債務免除，無償の債務負担行為及び権利の放棄
　(7)　別除権の目的である財産の受戻し
　(8)　事業の維持再生の支援に関する契約及び当該支援をする者の選定業務に関する契約の締結
５　再生債務者は，平成２９年６月２６日以降毎月末日締切りにより，再生債務者の業務及び財産の管理状況についての報告書をその翌月１０日までに当裁判所及び監督委員に提出しなければならない。
　　　ただし，再生計画認可決定があった後は，この限りではない。

　　　　　　　平成２９年６月２６日

　　　　　　　東京地方裁判所民事第２０部

　　　　　　　　　　　　裁判長裁判官　　舘　内　比　佐　志

　　　　　　　　　　　　裁判官　　上　拂　大　作

　　　　　　　　　　　　裁判官　　小　西　慶　一

　　これは謄本である。

　　　同日同庁

　　　　裁判所書記官　　伊　與　喜克郎

[English Translation]

2017 (sai) No. 20 Petition for Commencement of Rehabilitation Proceedings

# Order

Rehabilitation Debtor: Takata Corporation

Representative Director: Shigehisa Takada

2-12-31 Akasaka, Minato-ku, Tokyo

# Main Text

1. Order is hereby given for Takata Corporation to be supervised by a supervisor.
2. The following person is appointed as the supervisor.
    Attorney Katsuyuki Miyakawa
    Tokyo-Marunouchi Law Offices
    Shin-Tokyo Building, Suite 225, 3-3-1 Marunouchi, Chiyoda-ku, Tokyo
3. The supervisor is authorized to give approval, in lieu of court permission, to the rehabilitation debtor's making counterparty claims arising from any of the rehabilitation debtor's acts provided in Article 120, Paragraph 1 of the Civil Rehabilitation Act common benefit claims.
4. The rehabilitation debtor must obtain consent of the supervisor when conducting the following acts; provided, however, that this shall not apply after the rehabilitation plan is confirmed.
    (1) Transfer of rights, creation of a security interest, lease or any other disposal with respect to property rehabilitation debtor owns or possesses (excluding any case relating to a transaction that falls within the scope of ordinary business);
    (2) Transfer, creation of a security interest or any other disposal with respect to claims held by the rehabilitation debtor (excluding collection by the rehabilitation debtor);
    (3) Acquisition of property (excluding product procurement or acquisition of other property that falls within the scope of ordinary business);
    (4) Lending;
    (5) Borrowing of money (including discounting of a bill) and guaranteeing;
    (6) Forgiving of debt, gratuitous debt assumption or waiver of a right;
    (7) Redemption of collateral for a right of separate satisfaction; and
    (8) Execution of an agreement concerning support for maintenance and rehabilitation of business and an agreement concerning services for selection of a person providing such support

[English Translation]

5.  From June 26, 2017 onwards, with the last day of each month as the cut-off date, the rehabilitation debtor must submit to the court and the supervisor a report on the state of the administration of the rehabilitation debtor's business and property, by the 10th day of the following month.
    Provided, however, that this shall not apply after the rehabilitation plan is confirmed.


June 26, 2017
The 20th Civil Division of the Tokyo District Court Presiding Judge    Hisashi Tateuchi
Judge              Daisaku Ueharai
Judge              Keiichi Konishi


This is a certified copy.
June 26, 2017
Tokyo District Court
Court Clerk     Yoshikatsuro Iyo

# **Certificate of Translation**

I, Tomohiro Okawa, Attorney-at-Law, hereby certify that this is a true and accurate translation from Japanese to English of the Order to appoint Supervisor issued by the Tokyo District Court, Case No. Heisei 29 (2017) (Sai) 20, Case of Petition for Commencement of Civil Rehabilitation Proceedings.

Date: July 10, 2017

Tomohiro        Okawa

平成２９年（再）第２１号　再生手続開始申立事件

<div align="center">

決　　定

</div>

　　佐賀県多久市東多久町大字別府２１９５番地４
　　再生債務者　タカタ九州株式会社
　　代表者代表取締役　桂田　治夫

<div align="center">

主　　文

</div>

1　タカタ九州株式会社について監督委員による監督を命ずる。
2　監督委員として，次の者を選任する。
　　　東京都千代田区丸の内３丁目３番１号　新東京ビル２２５区
　　　東京丸の内法律事務所
　　　弁護士　宮川　勝之
3　監督委員は，再生債務者が，民事再生法１２０条１項に規定する行為によって生ずべき相手方の請求権を共益債権とする旨の裁判所の許可に代わる承認をすることができる。
4　再生債務者が次に掲げる行為をするには，監督委員の同意を得なければならない。
　ただし，再生計画認可決定があった後は，この限りでない。
　⑴　再生債務者が所有又は占有する財産に係る権利の譲渡，担保権の設定，賃貸その他一切の処分（常務に属する取引に関する場合を除く。）
　⑵　再生債務者の有する債権について譲渡，担保権の設定その他一切の処分（再生債務者による取立てを除く。）
　⑶　財産の譲受け（商品の仕入れその他常務に属する財産の譲受けを除く。）
　⑷　貸付け
　⑸　金銭の借入れ（手形割引を含む。）及び保証
　⑹　債務免除，無償の債務負担行為及び権利の放棄
　⑺　別除権の目的である財産の受戻し
　⑻　事業の維持再生の支援に関する契約及び当該支援をする者の選定業務に関する契約の締結
5　再生債務者は，平成２９年６月２６日以降毎月末日締切りにより，再生債務者の業務及び財産の管理状況についての報告書をその翌月１０日までに当裁判所及び監督委員に提出しなければならない。
　　ただし，再生計画認可決定があった後は，この限りではない。

<div align="center">

平成２９年６月２６日
東京地方裁判所民事第２０部

裁判長裁判官　　舘　　内　　比　佐　志

裁判官　　上　　拂　　大　　作

裁判官　　小　　西　　慶　　一

</div>

　　これは正本である。

　　　同日同庁

　　　　裁判所書記官　　伊　與　喜克郎

[English Translation]

2017 (sai) No. 21 Petition for Commencement of Rehabilitation Proceedings

## Order

Rehabilitation Debtor: Takata Kyushu Corporation

Representative Director: Haruo Katsurada

2195-4, Befu, Higashitaku-machi, Taku, Saga Prefecture

## Main Text

1. Order is hereby given for Takata Kyushu Corporation to be supervised by a supervisor.
2. The following person is appointed as the supervisor.
   Attorney Katsuyuki Miyakawa
   Tokyo-Marunouchi Law Offices
   Shin-Tokyo Building, Suite 225, 3-3-1 Marunouchi, Chiyoda-ku, Tokyo
3. The supervisor is authorized to give approval, in lieu of court permission, to the rehabilitation debtor's making counterparty claims arising from any of the rehabilitation debtor's acts provided in Article 120, Paragraph 1 of the Civil Rehabilitation Act common benefit claims.
4. The rehabilitation debtor must obtain consent of the supervisor when conducting the following acts; provided, however, that this shall not apply after the rehabilitation plan confirmed.
   (1) Transfer of rights, creation of a security interest, lease or any other disposal with respect to property rehabilitation debtor owns or possesses (excluding any case relating to a transaction that falls within the scope of ordinary business);
   (2) Transfer, creation of a security interest or any other disposal with respect to claims held by the rehabilitation debtor (excluding collection by the rehabilitation debtor);
   (3) Acquisition of property (excluding product procurement or acquisition of other property that falls within the scope of ordinary business);
   (4) Lending;
   (5) Borrowing of money (including discounting of a bill) and guaranteeing;
   (6) Forgiving of debt, gratuitous debt assumption or waiver of a right;
   (7) Redemption of collateral for a right of separate satisfaction; and
   (8) Execution of an agreement concerning support for maintenance and rehabilitation of business and an agreement concerning services for selection of a person providing such support

[English Translation]

5.  From June 26, 2017 onwards, with the last day of each month as the cut-off date, the rehabilitation debtor must submit to the court and the supervisor a report on the state of the administration of the rehabilitation debtor's business and property, by the 10th day of the following month.
Provided, however, that this shall not apply after the rehabilitation plan is confirmed.


June 26, 2017
The 20th Civil Division of the Tokyo District Court
Presiding Judge        Hisashi Tateuchi
Judge                  Daisaku Ueharai
Judge                  Keiichi Konishi


This is a certified copy.
June 26, 2017
Tokyo District Court
Court Clerk      Yoshikatsuro Iyo

# **Certificate of Translation**

I, Tomohiro Okawa, Attorney-at-Law, hereby certify that this is a true and accurate translation from Japanese to English of the Order to appoint Supervisor issued by the Tokyo District Court, Case No. Heisei 29 (2017) (Sai) 21, Case of Petition for Commencement of Civil Rehabilitation Proceedings.

Date: July 10, 2017

Tomohiro        Okawa

平成２９年（再）第２２号　再生手続開始申立事件

<div align="center">

決　　　　定

</div>

東京都港区赤坂二丁目１２番３１号
再生債務者　タカタサービス株式会社
代表者代表取締役　川崎　修

<div align="center">

主　　　文

</div>

1　タカタサービス株式会社について監督委員による監督を命ずる。
2　監督委員として，次の者を選任する。
　　東京都千代田区丸の内３丁目３番１号　新東京ビル２２５区
　　東京丸の内法律事務所
　　弁護士　宮川　勝之
3　監督委員は，再生債務者が，民事再生法１２０条１項に規定する行為によって生ずべき相手方の請求権を共益債権とする旨の裁判所の許可に代わる承認をすることができる。
4　再生債務者が次に掲げる行為をするには，監督委員の同意を得なければならない。ただし，再生計画認可決定があった後は，この限りでない。
　(1)　再生債務者が所有又は占有する財産に係る権利の譲渡，担保権の設定，賃貸その他一切の処分（常務に属する取引に関する場合を除く。）
　(2)　再生債務者の有する債権について譲渡，担保権の設定その他一切の処分（再生債務者による取立てを除く。）
　(3)　財産の譲受け（商品の仕入れその他常務に属する財産の譲受けを除く。）
　(4)　貸付け
　(5)　金銭の借入れ（手形割引を含む。）及び保証
　(6)　債務免除，無償の債務負担行為及び権利の放棄
　(7)　別除権の目的である財産の受戻し
　(8)　事業の維持再生の支援に関する契約及び当該支援をする者の選定業務に関する契約の締結
5　再生債務者は，平成２９年６月２６日以降毎月末日締切りにより，再生債務者の業務及び財産の管理状況についての報告書をその翌月１０日までに当裁判所及び監督委員に提出しなければならない。
　　ただし，再生計画認可決定があった後は，この限りではない。

<div align="center">

平成２９年６月２６日

東京地方裁判所民事第２０部

裁判長裁判官　　舘　内　比　佐　志

裁判官　　上　拂　大　作

裁判官　　小　西　慶　一

</div>

これは正本である。

　　同日同庁

　　裁判所書記官　　伊　與　喜克郎

[English Translation]

2017 (sai) No. 22  Petition for Commencement of Rehabilitation Proceedings

# Order

Rehabilitation Debtor: Takata Service Corporation

Representative Director: Osamu Kawasaki

2-12-31 Akasaka, Minato-ku, Tokyo

# Main Text

1.  Order is hereby given for Takata Service Corporation to be supervised by a supervisor.
2.  The following person is appointed as the supervisor.
    Attorney Katsuyuki Miyakawa
    Tokyo-Marunouchi Law Offices
    Shin-Tokyo Building, Suite 225, 3-3-1 Marunouchi, Chiyoda-ku, Tokyo
3.  The supervisor is authorized to give approval, in lieu of court permission, to the rehabilitation debtor's making counterparty claims arising from any of the rehabilitation debtor's acts provided in Article 120, Paragraph 1 of the Civil Rehabilitation Act common benefit claims.
4.  The rehabilitation debtor must obtain consent of the supervisor when conducting the following acts; provided, however, that this shall not apply after the rehabilitation plan is confirmed.
    (1) Transfer of rights, creation of a security interest, lease or any other disposal  with respect to property rehabilitation debtor owns or possesses (excluding any case relating to a transaction that falls within the scope of ordinary business);
    (2) Transfer, creation of a security interest or any other disposal with respect to claims held by the rehabilitation debtor (excluding collection by the rehabilitation debtor);
    (3) Acquisition of property (excluding product procurement or acquisition of other property that falls within the scope of ordinary business);
    (4) Lending;
    (5) Borrowing of money (including discounting of a bill) and guaranteeing;
    (6) Forgiving of debt, gratuitous debt assumption or waiver of a right;
    (7) Redemption of collateral for a right of separate satisfaction; and
    (8) Execution of an agreement concerning support for maintenance and rehabilitation of business and an agreement concerning services for selection of a person providing such support

[English Translation]

5. From June 26, 2017 onwards, with the last day of each month as the cut-off date, the rehabilitation debtor must submit to the court and the supervisor a report on the state of the administration of the rehabilitation debtor's business and property, by the 10th day of the following month.

   Provided, however, that this shall not apply after the rehabilitation plan is confirmed.


June 26, 2017

The 20th Civil Division of the Tokyo District Court

Presiding Judge      Hisashi Tateuchi

Judge                Daisaku Ueharai

Judge                Keiichi Konishi


This is a certified copy.

June 26, 2017

Tokyo District Court

Court Clerk      Yoshikatsuro Iyo

# **Certificate of Translation**

I, Tomohiro Okawa, Attorney-at-Law, hereby certify that this is a true and accurate translation from Japanese to English of the Order to appoint Supervisor issued by the Tokyo District Court, Case No. Heisei 29 (2017) (Sai) 22, Case of Petition for Commencement of Civil Rehabilitation Proceedings.

Date: July 10, 2017

Tomohiro        Okawa

## Exhibit C

**Commencement Orders**

平成２９年（再）第２０号　再生手続開始申立事件

<div align="center">

決　　　　　定

</div>

東京都港区赤坂二丁目１２番３１号

再生債務者　タカタ株式会社

代表者代表取締役　高　田　重　久

<div align="center">

主　　　　　文

</div>

1　タカタ株式会社について再生手続を開始する。

2　(1)　再生債権の届出期間　平成２９年８月２５日まで

　　(2)　認否書の提出期限　平成２９年１０月３０日

　　(3)　再生債権の一般調査期間

　　　　　　平成２９年１１月６日から平成２９年１１月１３日まで

　　(4)　報告書等（民事再生法１２４条，１２５条）の提出期限

　　　　　　平成２９年１０月１２日

　　(5)　再生計画案の提出期限　平成２９年１１月２７日

3　　再生債務者が会社分割（再生計画による場合を除く。）をするには，当裁判所
の許可を得なければならない。

<div align="center">

理　　　　　由

</div>

　証拠によれば，再生債務者は，民事再生法２１条１項に該当する事実が認められ，
同法２５条各号に該当する事実は認められない。

<div align="center">

平成２９年６月２８日午後５時

東京地方裁判所民事第２０部

裁判長裁判官　舘　　内　　比　佐　志

裁判官　上　拂　大　作

裁判官　小　西　慶　一

</div>

　これは正本である。

　同日同庁

　　　　裁判所書記官　伊　與　喜克郎



[English Translation]

2017 (sai) No. 20 Petition for Commencement of Rehabilitation Proceedings

## Order

Rehabilitation Debtor: Takata Corporation
Representative Director: Shigehisa Takada
2-12-31 Akasaka, Minato-ku, Tokyo

## Main Text

1. Rehabilitation proceedings for Takata Corporation shall commence.
2. (1) Period for filing proof of rehabilitation claim:
    Until August 25, 2017
    (2) Deadline for submission of statement of approval or disapproval:
    October 30, 2017
    (3) Ordinary period for investigation of rehabilitation claims:
    From November 6, 2017 until November 13, 2017
    (4) Deadline for submission of reports, etc. (Articles 124 and 125 of the Civil Rehabilitation Act):
    October 12, 2017
    (5) Deadline for submission of rehabilitation plan:
    November 27, 2017
3. The rehabilitation debtor must obtain permission from the court in order to undertake a corporate split (excluding corporate split pursuant to the rehabilitation plan).

## Reasons

According to the evidence, with respect to the rehabilitation debtor, facts falling under Article 21, Paragraph 1 of the Civil Rehabilitation Act are found, while facts falling under the items of Article 25 of the Civil Rehabilitation Act are not found.

June 28, 2017, 5:00 p.m.
The 20th Civil Division of the Tokyo District Court
Presiding Judge        Hisashi Tateuchi
Judge                  Daisaku Ueharai
Judge                  Keiichi Konishi

This is the original copy.
Tokyo District Court
Court Clerk            Yoshikatsuro Iyo

# **Certificate of Translation**

I, Tomohiro Okawa, Attorney-at-Law, hereby certify that this is a true and accurate translation from Japanese to English of the Order to commence rehabilitation proceedings issued by the Tokyo District Court, Case No. Heisei 29 (2017) (Sai) 20, Case of Petition for Commencement of Civil Rehabilitation Proceedings.

Date: July 10, 2017

Tomohiro        Okawa

平成２９年（再）第２１号 再生手続開始申立事件

<div align="center">

決　　　定

</div>

佐賀県多久市東多久町大字別府２１９５番地４
再生債務者　タカタ九州株式会社

代表者代表取締役　桂田　治夫

<div align="center">

主　　　文

</div>

1　タカタ九州株式会社について再生手続を開始する。

2　(1)　再生債権の届出期間　平成２９年８月２５日まで

(2)　認否書の提出期限　平成２９年１０月３０日

(3)　再生債権の一般調査期間
平成２９年１１月６日から平成２９年１１月１３日まで

(4)　報告書等（民事再生法１２４条，１２５条）の提出期限
平成２９年１０月１２日

(5)　再生計画案の提出期限　平成２９年１１月２７日

3　　再生債務者が会社分割（再生計画による場合を除く。）をするには，当裁判所
の許可を得なければならない。

<div align="center">

理　　　由

</div>

証拠によれば，再生債務者は，民事再生法２１条１項に該当する事実が認められ，
同法２５条各号に該当する事実は認められない。

平成２９年６月２８日午後５時

東京地方裁判所民事第２０部

裁判長裁判官　舘　内　比　佐　志

裁判官　上　拂　大　作

裁判官　小　西　慶　一

これは正本である。

同日同庁

裁判所書記官　伊　與　喜克郎



[English Translation]

2017 (sai) No. 21 Petition for Commencement of Rehabilitation Proceedings

# Order

Rehabilitation Debtor: Takata Kyushu Corporation
Representative Director: Haruo Katsurada
2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga

# Main Text

1. Rehabilitation proceedings for Takata Kyushu Corporation shall commence.
2. (1) Period for filing proof of rehabilitation claim:
   Until August 25, 2017
   (2) Deadline for submission of statement of approval or disapproval:
   October 30, 2017
   (3) Ordinary period for investigation of rehabilitation claims:
   From November 6, 2017 until November 13, 2017
   (4) Deadline for submission of reports, etc. (Articles 124 and 125 of the Civil Rehabilitation Act):
   October 12, 2017
   (5) Deadline for submission of rehabilitation plan:
   November 27, 2017
3. The rehabilitation debtor must obtain permission from the court in order to undertake a corporate split (excluding corporate split pursuant to the rehabilitation plan).

# Reasons

According to the evidence, with respect to the rehabilitation debtor, facts falling under Article 21, Paragraph 1 of the Civil Rehabilitation Act are found, while facts falling under the items of Article 25 of the Civil Rehabilitation Act are not found.

June 28, 2017, 5:00 p.m.
The 20th Civil Division of the Tokyo District Court
Presiding Judge    Hisashi Tateuchi
Judge            Daisaku Ueharai
Judge            Keiichi Konishi

This is the original copy.
Tokyo District Court
Court Clerk        Yoshikatsuro Iyo

# Certificate of Translation

I, Tomohiro Okawa, Attorney-at-Law, hereby certify that this is a true and accurate translation from Japanese to English of the Order to commence rehabilitation proceedings issued by the Tokyo District Court, Case No. Heisei 29 (2017) (Sai) 21, Case of Petition for Commencement of Civil Rehabilitation Proceedings.

Date: July 10, 2017

Tomohiro        Okawa

平成２９年（再）第２２号 再生手続開始申立事件

<div align="center">

決　　　定

</div>

東京都港区赤坂二丁目１２番３１号

再生債務者　タカタサービス株式会社

代表者代表取締役　川﨑　修

<div align="center">

主　　　文

</div>

1　タカタサービス株式会社について再生手続を開始する。

2　(1)　再生債権の届出期間　平成２９年８月２５日まで

　　(2)　認否書の提出期限　平成２９年１０月３０日

　　(3)　再生債権の一般調査期間

　　　　　平成２９年１１月６日から平成２９年１１月１３日まで

　　(4)　報告書等（民事再生法１２４条，１２５条）の提出期限

　　　　　平成２９年１０月１２日

　　(5)　再生計画案の提出期限　平成２９年１１月２７日

3　　再生債務者が会社分割（再生計画による場合を除く。）をするには，当裁判所の許可を得なければならない。

<div align="center">

理　　　由

</div>

　証拠によれば，再生債務者は，民事再生法２１条１項に該当する事実が認められ，同法２５条各号に該当する事実は認められない。

　　　　平成２９年６月２８日午後５時

　　　　東京地方裁判所民事第２０部

　　　　　　裁判長裁判官　舘　　内　　比　佐　志

　　　　　　裁判官　上　　拂　　大　　作

　　　　　　裁判官　小　　西　　慶　　一

　これは正本である。

　　同日同庁

　　　　裁判所書記官　伊　與　喜克郎

[English Translation]

2017 (sai) No. 22 Petition for Commencement of Rehabilitation Proceedings

## Order

Rehabilitation Debtor: Takata Service Corporation
Representative Director: Osamu Kawasaki
2-12-31 Akasaka, Minato-ku. Tokyo

## Main Text

1. Rehabilitation proceedings for Takata Service Corporation shall commence.
2.   (1) Period for filing proof of rehabilitation claim:
              Until August 25, 2017
   (2) Deadline for submission of statement of approval or disapproval:
     October 30, 2017
   (3) Ordinary period for investigation of rehabilitation claims:
     From November 6, 2017 until November 13, 2017
   (4) Deadline for submission of reports, etc. (Articles 124 and 125 of the Civil Rehabilitation Act):
     October 12, 2017
   (5) Deadline for submission of rehabilitation plan:
     November 27, 2017
3. The rehabilitation debtor must obtain permission from the court in order to undertake a corporate split (excluding corporate split pursuant to the rehabilitation plan).

## Reasons

According to the evidence, with respect to the rehabilitation debtor, facts falling under Article 21, Paragraph 1 of the Civil Rehabilitation Act are found, while facts falling under the items of Article 25 of the Civil Rehabilitation Act are not found.

June 28, 2017, 5:00 p.m.
Tokyo District Court, Civil Division, No. 20
Presiding Judge    Hisashi Tateuchi
Judge              Daisaku Ueharai
Judge              Keiichi Konishi

This is the original copy.
Tokyo District Court
Court Clerk        Yoshikatsuro Iyo

## Certificate of Translation

I, Tomohiro Okawa, Attorney-at-Law, hereby certify that this is a true and accurate translation from Japanese to English of the Order to commence rehabilitation proceedings issued by the Tokyo District Court, Case No. Heisei 29 (2017) (Sai) 22, Case of Petition for Commencement of Civil Rehabilitation Proceedings.

Date: July 10, 2017

Tomohiro        Okawa

## **Exhibit D**

**Supervisor Consent**

平成 29 年（再）第 20 号・21 号・22 号　再生手続開始申立事件



同意申請書

（海外における再生手続承認の申立て）

平成 29 年 8 月 7 日

監督委員　弁護士　宮川　勝之　先生

　　　　　　再生債務者　　　　　タカタ株式会社

　　　　　　　　　　　　　　　　タカタ九州株式会社

　　　　　　　　　　　　　　　　タカタサービス株式会社

　　　　　代理人弁護士　　　　　小林　信明

## 第 1　同意を求める事項

　　　再生債務者らが、

①　アメリカ合衆国の連邦倒産裁判所に対して、同国の連邦破産法第 15 章の規定に基づいて、本再生手続の承認（仮の救済を含む。）を申し立てること

②　カナダの裁判所に対して、同国における外国倒産処理手続の承認援助に係る法令に基づいて、本再生手続の承認（仮の救済を含む。）を申し立てること

③　上記①及び②のアメリカ合衆国及びカナダにおける承認手続において、再生債務者であるタカタ株式会社に、再生債務者らの外国代表者（Foreign Representative）としての権限を行使させること

につき同意を求める。

1

第2　同意を求める理由

1　本再生手続の承認（仮の救済を含む。）を求める必要性

（1）アメリカ合衆国において再生債務者に対する多数の訴訟が係属していること

　　再生債務者であるタカタ株式会社（以下「TKJP」という。）は、アメリカ合衆国において多数の訴訟の提起を受けており、これらの訴訟への対応を迫られている状態にある。

　　まず、TKJP は、アメリカ合衆国の各州において、TKJP 並びにその子会社及び関連会社（以下「タカタ」と総称する。）が製造及び販売した、相安定化硝酸アンモニウムをプロペラントとして用いたインフレータを組み込んだエアバッグ・モジュール（以下「本エアバッグ」という。）の不具合に起因した死傷事故による損害を受けたと主張する者から、多数の損害賠償請求訴訟（以下「米国 PI 訴訟」という。）の提起及び訴訟外における損害賠償の請求を受けている。

　　また、TKJP は、アメリカ合衆国の各州において、本エアバッグを搭載した車両の所有者若しくはリースを受けている者又は本エアバッグを搭載した車両を販売した中古品販売業者を代表すると主張する者から、かかる本エアバッグを搭載した車両の経済的価値が下落したことに基づく損害の賠償等を求める集団訴訟を提起されている（以下「米国経済損害集団訴訟」という。）。

　　なお、米国 PI 訴訟及び米国経済損害集団訴訟において、TKJP は、共同被告とされた一部の OEM からも同時に求償請求（cross-claim）を受けており、TKJP は当該求償請求への対応も必要な状況となっている。

　　加えて、本エアバッグの不具合とは直接の関係はないものの、タカタが、アメリカ合衆国において、競合他社と共謀の上、自動車用乗員安全拘束装置（エアバッグ、シートベルト及びステアリングホイール）に関して価格協定等の反競争行為を行ったことによって、当該装置の直接又は間接の購入者（ディーラー及び最終消費者等）が損

2

害を被ったとして、それらの購入者を代表すると主張する者から、かかる損害の賠償
を求める集団訴訟（以下「米国独禁集団訴訟」といい、米国 PI 訴訟及び米国経済損
害集団訴訟と合わせて「本件米国訴訟」という。）を提起されている。

### (2) カナダにおいて再生債務者に対する多数の訴訟が係属していること

　TKJP は、カナダにおいてもアメリカ合衆国と同様に、多数の訴訟の提起を受けてお
り、これらの訴訟への対応を迫られている状態にある。

　まず、TKJP は、カナダにおいても、本エアバッグの不具合に起因した死傷事故によ
る損害を受けたと主張する複数の者からそれぞれ損害賠償請求訴訟の提起を受けて
いる（以下「カナダ PI 訴訟」という。）。

　また、TKJP は、カナダにおいても、本エアバッグを搭載した車両の所有者等を代表
すると主張する者から、かかる本エアバッグを搭載した車両の経済的価値が下落した
ことに基づく損害の賠償等を求める訴訟を提起されている（以下「カナダ経済損害集
団訴訟」という。）。TKJP は、カナダ経済損害集団訴訟においても、共同被告とされた
一部の OEM から求償請求を受けている。

　さらに、TKJP は、カナダにおいても、競合他社と共謀の上、自動車用乗員安全拘束
装置に関して価格協定等の反競争行為を行ったことにより、当該装置の直接又は間接
の購入者（ディーラー及び最終消費者等）が損害を被ったとして、それらの購入者を
代表すると主張する者から、かかる損害の賠償を求める集団訴訟（以下「カナダ独禁
集団訴訟」といい、カナダ PI 訴訟及びカナダ経済損害集団訴訟と合わせて「本件カ
ナダ訴訟」という。また、本件米国訴訟及び本件カナダ訴訟を合わせて「本件訴訟」
という。）を提起されている。

### (3) 本件訴訟の手続が停止されない場合、再生債務者らの事業再建への重大な支障

3

**及び再生債権者間の不公平が生じること**

ア　再生債務者らは、その事業の再建を図り、また再生債権者への弁済原資を最大限
　確保するため、現在、KSS Holdings, Inc.（以下「KSS」という。）との間で、タカ
　タの世界各国の事業を KSS に譲渡する取引（以下「本件取引」という。）の交渉を
　行っている。TKJP は、米国司法省との間で締結した司法取引契約に基づき、平成
　30 年 3 月 4 日までに OEM を対象とした補償基金に 850 百万米ドルを拠出する義務を
　負うところ、かかる義務を同期限までに履行するため、本件取引に係る最終契約を
　早期に締結することが事業再建のために喫緊の課題となっている。

　　しかし、本件訴訟の手続が停止されない場合には、再生債務者らは、多数の本件
　訴訟の対応に追われることとなり、タカタの事業再建に向けた努力に時間及び費用
　を割くことができず、事業再建のために想定以上の時間を必要とせざるを得ない状
　況に追い込まれることが明らかである。

　　以上より、本件訴訟の手続が停止されない場合には、再生債務者らはその対応を
　強いられ、タカタの再建が遅れることにより事業価値は著しく劣化し、KSS も本件
　取引から離脱する可能性が高まる等、タカタの再建に重大な支障が生じる可能性が
　高いことは明らかである。

イ　また、再生債務者らは、本再生手続において再生計画の認可を受けることによ
　って、その再生債権者が有する再生債権の一部について免責を受ける予定である。
　しかし、アメリカ合衆国及びカナダにおいて本再生手続が承認されない場合には、
　アメリカ合衆国及びカナダにおける再生債権者から、当該再生債権者の再生債権
　に対してはかかる免責の効力が及ばないと主張される可能性があり、再生債権者
　間に不公平を生ずる可能性がある。かかる結果が再生債権者間の公平を図る民事
　再生法の趣旨に反することは明らかである。

4

(4) アメリカ合衆国及びカナダにおける承認（仮の救済を含む。）により、再生債務者らの事業再建が促進され、かつ再生債権者間の公平性が確保されること

　アメリカ合衆国及びカナダにおいて、本再生手続について外国主手続として外国倒産処理手続の承認を受けた場合には、本再生手続の効力がアメリカ合衆国及びカナダ内にも及び、また、アメリカ合衆国及びカナダの裁判所から、本再生手続を実行するにあたって適切な救済を得ることができる。そして、かかる救済には係属中の訴訟を停止させることが含まれるため、これにより本件訴訟の手続は停止されることとなる。また、アメリカ合衆国及びカナダの裁判所は、手続承認の申立てから承認の効力発生までの期間において、債務者の財産又は債権者の利益を保全するために必要である場合には、仮の救済を発令することができるため、再生債務者らはかかる仮の救済の申立てにより、直ちに本件訴訟の対応から解放される見込みである。

　さらに、本再生手続の効力がアメリカ合衆国及びカナダにも及ぶことにより、アメリカ合衆国及びカナダにおける再生債権者が、本再生手続における免責的効力が自身に及ばないことを主張することは困難となり、再生債権者をグローバルに公平に扱うことができる。

　以上より、アメリカ合衆国及びカナダにおいて本再生手続の承認を申し立てることにより、再生債権者の事業再建への支障を回避し、また、再生債権者間のグローバルな公平性を確保することが可能となる。

(5) 小括

　以上より、アメリカ合衆国及びカナダにおいて本再生手続の承認（仮の救済を含む。）を申し立てる必要性が認められる。

2　アメリカ合衆国及びカナダにおける承認（仮の救済を含む。）を求める相当性

5

　上記のとおり、アメリカ合衆国及びカナダにおいて本再生手続の承認（仮の救済を含む。）を申し立てる必要性は高い一方で、本件訴訟を停止させるために他に考えられる手段は存在せず、またかかる申立てによって再生債務者らが被る法律上の不利益は基本的に存在しない。

3　TKJP を再生債務者らの外国代表者とすることについて

　「外国代表者（Foreign Representative）」とは、（アメリカ合衆国及びカナダから見て）外国倒産手続において、債務者の事業を管理運営し、又は債務者の代表者として行為する権限を与えられた者を意味し、外国倒産法において債務者である法人（Debtor in Possession）も外国代表者となることができる。外国代表者は、外国手続の承認を申し立てた後には、当該外国倒産手続の状況について裁判所に適宜報告等を行う義務を負う。

　TKJP は、再生債務者らの事業に精通しており、アメリカ合衆国及びカナダの裁判所に適切な報告等を行うことが十分期待できる。また、各再生債務者について異なる外国代表者を個別に選任するのではなく、TKJP を再生債務者らの共通の外国代表者とすることにより、アメリカ合衆国及びカナダにおける承認援助手続を効率的に進めることが可能となる。

第3　結語

　以上より、アメリカ合衆国及びカナダにおいて本再生手続の承認及び仮の救済を申し立てることは必要かつ相当であり、かつ、TKJP を再生債務者らの共通の外国代表者とすることが最も適切であるといえるため、本申請に及ぶ次第である。

以上

上記につき同意します。

　平成２９年　８月　７　日


監督委員　弁護士　宮川　勝之

Case Nos. 2017 (*sai*) 20, 21 and 22
Case of Petition for Commencement of Civil Rehabilitation Proceedings

# Application for Consent

(Request for Recognition of Civil Rehabilitation Proceedings with Foreign Courts)

August 7 , 2017

To:      Supervisor, Katsuyuki Miyakawa, Attorney-at-Law

Rehabilitation Debtors:                          Takata Corporation

Takata Kyushu Corporation

Takata Services Corporation

Attorney-at-Law for the Rehabilitation Debtors:    Nobuaki Kobayashi

## I.      Matters for which Consent is Requested

The Rehabilitation Debtors hereby request consent for each of the following matters:

(i)      that a petition be filed with the United States Bankruptcy Court to seek recognition of the Rehabilitation Proceedings (including provisional relief), pursuant to Chapter 15 of the United States Bankruptcy Code;

(ii)      that a petition be filed with the Canadian court to seek recognition of the Rehabilitation Proceedings (including provisional relief), pursuant to the laws of Canada with respect to the recognition and assistance of foreign insolvency

1

proceedings; and

(iii)   that, for the recognition proceedings in the United States and Canada of (i) and (ii) above, Rehabilitation Debtor Takata Corporation be allowed to exercise the authority as the Foreign Representative of the Rehabilitation Debtors.

## II.      Reasons for Requesting Consent

**1.        Necessity of Requesting Recognition of the Rehabilitation Proceedings including Provisional Relief**

**(1)        There Are a Large Number of Lawsuits Pending against the Rehabilitation Debtor in the U.S.**

Rehabilitation Debtor Takata Corporation ("TKJP") is the subject of a large number of lawsuits in the United States, and is therefore under pressure to respond to these lawsuits.

First, in a number of states of the United States, TKJP is the subject of a number of liability claims (the "U.S. PI Lawsuits"), both in-court and out-of-court, instituted by persons claiming to have suffered damage due to wrongful deaths or personal injuries caused by defects in airbag modules which contained inflators that used phase-stabilized ammonium nitrate as a propellant (the "Airbags"), and which were manufactured and sold by TKJP, its subsidiaries, and its affiliate companies (hereinafter, collectively "Takata").

In addition, in a number of states of the United States, TKJP is the subject of class action lawsuits seeking damages etc. based on the fallen economic value of vehicles in which the Airbags were installed, instituted by persons claiming to represent the owners and lessees of vehicles in which the Airbags were installed and used car dealers that sold vehicles in which the Airbags were installed (the "U.S. Economic Loss Lawsuits").

Furthermore, in the U.S. PI Lawsuits and U.S. Economic Loss Lawsuits,

2

cross-claims have been simultaneously filed by some of the OEMs that are named as co-defendants, and so TKJP must respond to these cross-claims as well.

Moreover, although this is not directly related to the Airbag defects, Takata is also the subject of class action lawsuits seeking damages on the grounds that direct and indirect purchasers (dealers, end consumers etc.) have suffered damage as a result of Takata colluding with its competitors in the U.S., in price-fixing and other anticompetitive conducts with respect to vehicle passenger safety restraint devices (airbags, seatbelts, and steering wheels); these class action lawsuits have been instituted by persons claiming to represent such purchasers (the "U.S. Antitrust Lawsuits"; together with the U.S. PI Lawsuits and the U.S. Economic Loss Lawsuits, the "U.S. Lawsuits").

**(2)      There Are a Large Number of Lawsuits Pending against the Rehabilitation Debtor in Canada**

In Canada as in the United States, TKJP is the subject of a large number of lawsuits, and is under pressure to respond to these lawsuits.

First, in Canada as well, TKJP is the subject of liability lawsuits instituted by persons claiming to have suffered damage due to wrongful deaths or personal injuries caused by defects in the Airbags (the "Canada PI Lawsuits").

In addition, in Canada as well, TKJP is the subject of lawsuits seeking damages etc. based on the fallen economic value of vehicles in which the Airbags were installed, instituted by persons claiming to represent the owners etc. of vehicles in which the Airbags were installed (the "Canada Economic Loss Lawsuits").   In the Canada Economic Loss Lawsuits as well, cross-claims have been raised against TKJP by some of the OEMs that are named as co-defendants.

Furthermore, in Canada as well, TKJP is the subject of four class action lawsuits

seeking damages on the grounds that direct and indirect purchasers (dealers, end consumers etc.) of vehicle passenger safety restraint devices have suffered damage as a result of Takata's colluding with its competitors in price-fixing and other anticompetitive conduct with respect to such devices; theses class action lawsuits have been instituted by persons claiming to represent such purchasers (the "Canada Antitrust Lawsuits"; together with the Canada PI Lawsuits and the Canada Economic Loss Lawsuits, the "Canada Lawsuits"; further, the U.S. Lawsuits and the Canada Lawsuits are collectively the "Lawsuits").

**(3)   If the Proceedings of the Lawsuits are not Stayed, it will Create a Material Obstacle to the Rehabilitation Debtors' Reorganization and will Lead to Unfair Treatment among Rehabilitation Creditors**

A.      The Rehabilitation Debtors, for the purpose of restructuring their business and securing maximum recovery for their rehabilitation creditors, are presently engaged in negotiations with KSS Holdings, Inc. (.KSS"SSto conclude a transaction under which Takatawh businesses across the world would be transferred to KSS (the "Transaction"ran TKJP, under a plea agreement executed with the U.S. Department of Justice, owes a duty to contribute USD 850 million to a restitution fund for the benefit of OEMs by March 4, 2018, and in order to fulfill this duty by this deadline, the early execution of the definitive agreement pertaining to the Transaction has become a pressing issue for the restructuring.

However, if the Lawsuits are not stayed, the Rehabilitation Debtors will be under great pressure to respond to the Lawsuits and the Rehabilitation Debtors are clearly trapped in a situation in which they cannot spare any of the time or expenses they are expending for Takata's restructuring efforts, and more time than expected will inevitably become required for the restructuring.

It is clear from the foregoing that it will be highly probable that material obstacles to

4

Takata's restrucutring will emerge, given that if the Lawsuits are not stayed then the Rehabilitation Debtors will be forced to respond thereto, that their business value will be significantly deteriorated as a result of protracted Takata's restructuring, and that the likelihood of KSS walking away from the Transaction will increase.

B        Further, it is planned that the Rehabilitation Debtors, once their rehabilitation plans in the Rehabilitation Proceedings are approved, will have a portion of the rehabilitation claims held by rehabilitation creditors discharged.   However, if the Rehabilitation Proceedings are not recognized in the United States and Canada, it is possible that rehabilitation creditors in the United States and Canada will assert that the validity of such discharge does not extend to the rehabilitation claims held by them, and accordingly unfairness will emerge in the treatment among rehabilitation creditors. Such an outcome would be clearly contrary to the purport of the Civil Rehabilitation Act that ensures fairness in the treatment among rehabilitation creditors.

**(4)        Recognition of Proceedings (including Provisional Relief) in the United States and Canada would Promote Rehabilitation Debtors' Restructuring and Ensure Fairness in the Treatment among Rehabilitation Creditors**

If in the United States and Canada, the Rehabilitation Proceedings are recognized as foreign insolvency proceedings that are the main foreign proceeding, the effect of the Rehabilitation Proceedings will extend to the United States and Canada as well, and it will be possible to obtain appropriate reliefs from U.S. and Canadian courts in going through the Rehabilitation Proceedings.   Further, because such relief includes the staying of pending lawsuits, the Lawsuits would be stayed.   In addition, U.S. and Canadian courts, if necessary for the preservation of debtor assets or creditor interests in the period from the petition for recognition of proceedings until the point in time that such recognition comes into effect, can

issue an order of provisional relief, and thus it is highly likely that the Rehabilitation Debtors, by requesting recognition of the Rehabilitation Proceedings, will be released immediately upon filing the petitions from the burden of responding to the Lawsuits.

Furthermore, extending the effect of the Rehabilitation Proceedings to the United States and Canada will make it difficult for rehabilitation creditors in the United States and Canada to assert that the discharge effect of the Rehabilitation Proceedings does not have force over them, and will make it possible for rehabilitation creditors around the world to be treated fairly.

On the basis of the foregoing, seeking recognition of the Rehabilitation Proceedings in the United States and Canada will make it possible to avoid obstacles to the restructuring of Rehabilitation Debtor business, and to ensure the fair treatment among rehabilitation creditors around the world.

**(5)     Summary**

On the basis of the foregoing, we believe that the necessity to file a petition for recognition of the Rehabilitation Proceedings (including provisional relief) in the United States and Canada is found.

**2.       Appropriateness of Seeking Recognition (including Provisional Relief) in the United States and Canada**

As detailed above, not only it is highly necessary to seek recognition of the Rehabilitation Proceedings (including Provisional Relief) in the United States and Canada, but there is no other conceivable means of staying the Lawsuits, and there are essentially no legal downsides that would be suffered by the Rehabilitation Debtors to such request.

6

    **3.**      **Designating TKJP as the Foreign Representative for the Rehabilitation Debtors**

"Foreign Representative" means a person granted the authority to manage and operate the business of a debtor or act as representative of a debtor in a foreign insolvency proceeding (foreign from the perspective of the United States and Canada), and a debtor in possession, including a legal entity under foreign bankruptcy law, can also constitute a foreign representative.   A foreign representative, after a petition is filed for recognition of a foreign insolvency proceeding, owes a duty to make reports and the like as appropriate on the status of such foreign insolvency proceeding.

TKJP has thorough knowledge of the business of the Rehabilitation Debtors, and, thus, TKJP can fully make appropriate reports and the like to U.S. and Canadian courts.   In addition, designating TKJP as the joint foreign representative for the Rehabilitation Debtors will efficiently facilitate recognition and assistance procedures in the United States and Canada, rather than designating separate foreign representatives for each of the Rehabilitation Debtors.

**III.**    **Conclusion**

On the basis of the foregoing, we hereby have submitted this application in light of the fact that it is necessary and appropriate to seek recognition of the Rehabilitation Proceedings in the United States in Canada and that designating TKJP as the joint foreign representative for the Rehabilitation Debtors is considered the most appropriate.

<div align="right">End of Document</div>

We consent to the foregoing.

  August 7, 2017


Supervisor:      Katsuyuki Miyakawa, Attorney-at-Law

# **Certificate of Translation**

I, Tomohiro Okawa, Attorney-at-Law, hereby certify that this is a true and accurate translation from Japanese to English of the "Application for Consent (Request for Recognition of Civil Rehabilitation Proceedings with Foreign Courts)" with the supervisor's consent for Case Nos. Heisei 29 (2017) (Sai) 20, 21 and 22 Case of Petition for Commencement of Civil Rehabilitation Proceedings.

Date: August 9, 2017

Tomohiro          Okawa

## Exhibit E

**Global Takata Organizational Chart**

JAPAN
EUROPE
AMERICAS
ASIA
Takata Corporation (Japan) Incorporated: Nov 19, 1956 1002 [TKJP]
Capital ¥41,862,008,251
APIC ¥42,579,261,893
Total ¥84,441,270,144
41.5% USD 14,192,574
20.9% USD 7,154,290
100% JPY 61,814,258,985
Takata International Finance B.V. (Netherlands) Incorporated: Sep 27,1988 1011[TIF]
EUR 435,989,470
37.6% JPY 1,133,393,329
TAKATA Reinsurance Inc.(U.S.A.) Incorporated: Aug 30, 2010 1089 [TKRI]
USD 34,208,555
100% JPY 70,000,000
Takata Kyushu K.K. (Japan) Incorporated: May 20, 1991 1003 [TK9]
JPY 70,000,000
100% JPY 40,000,000
Takata Service K.K. (Japan) Incorporated: Dec 5, 1979 1004 [TKS]
JPY 40,000,000
0.7% JPY 28,930,751,158
99.3% EUR 128,691,451
TAKATA Europe GmbH (Germany) Incorporated: Apr 23, 1991 1052 [TKEUR]
EUR 390,064,651
20% EBRD 80.0% EUR 16,300,000
Takata Rus LLC (Russia) Incorporated: Jul 28, 2010 1088 [TKRU]
RUB 1,331,808,663
100% EUR 27,500
TAKATA PlasTec GmbH (Germany) Incorporated: Mar 24,2006 1080 [TKPT]
EUR 25,000
TAKATA Maroc S.A.R.L. (Morocco) Incorporated: Mar 10,2010 1085 [TKMR]
100% EUR 3,400,000
EUR 1,185,074
Takata Istanbul Automotive Safety Systems Production and Trading Ltd. (Turkey) Incorporated: Spe 3, 2008
100% EUR 1,801,450
TRY 280,000
100.0% EUR 45,923,311
Takata Safety Systems Hungary Kft. (Hungary) Incorporated: Oct 11, 2013 2021 [TKHU]
EUR 45,803,883
100% EUR 27,500
TAKATA Ignition Systems GmbH (Germany) Incorporated:Sep 26, 2012
EUR 25,000
European Automotive Systems Limited (U.K.) Incorporated: Jun 30, 1988 1012 [EASL]
100.0% EUR 42,689,043
GBP 24,489,149
100% EUR 23,519,843
TAKATA Sachsen GmbH (Germany) Incorporated: Jul 13, 1995 1054 [TKSAC]
EUR 25,565,010
1% EUR 200
TAKATA Orşova S.R.L. (Romania) Incorporated: Apr 15, 2010 1086 [TKOR]
99% EUR 20,000
RON 82,372
99.99% EUR 9,000,005
TAKATA Sibiu S.R.L. (Romania) Incorporated: Aug 9, 2004 1068 [TKSR]
EUR 9,000,500
0.01% EUR 495
1% EUR 200
TAKATA Deta S.R.L. (Romania) Incorporated:Apr 15, 2010 1087 [TKDR]
99% EUR 20,000
RON 82,372
94% EUR 177,387,705
6% JPY 993,529,562
TAKATA AG (Germany) Acquired: Jun 8, 2000 4500 [TKAG]
EUR 206,442,587
# EUR 200
TAKATA Jibou S.R.L. (Romania) Incorporated:Jul 13, 2011 1092 [TKJR]
99.0% EUR 20,000
RON 84,438
78.41% TRW 21.59%
Dalphi Metal Espana S.A. Madrid, Spain
100% EUR 1,572,432
TAKATA Parts s.r.o. (Czech Rep.) Acquired: Jun 8, 2000 1057 [TKPS]
EUR 1,485,590
100% EUR 31,616,444
TAKATA Parts Polska Sp. z o.o. (Poland) Acquired: Jun 8, 2000 1058 [TKPP]
EUR 31,824,476
100% EUR 3,700,000
TAKATA Spólka z o.o (Poland) Acquired: Jun 8, 2000 1059 [TKSP]
EUR 5,990,413
100% EUR 32,827,876
TAKATA Romania S.R.L. (Romania) Acquired: Jun 8, 2000 1060 [TKRO]
EUR 32,824,527
100% EUR 0
TAKATA GmbH Inflator Systems (Germany) Acquired: Jun 8, 2000 1061 [TKIS]
EUR 25,600
100% EUR 10,706,718
TAKATA South Africa (Pty.) Ltd. (South Africa) Acquired: Jun 8, 2000 1062 [TKSAF]
ZAR 83,554,579
51% 49% 51% 49% 51% 49%
Dalphi Metal Sequridad S.A. Madrid, Spain
Dalphi Metal International S.A. Madrid, Spain
Dalphi Metal Portugal S.A. Vila Nova d.C., Portugal
25% USD 150,000,000
63.4% EUR 239,205,284
11.6% GBP 16,028,524
TAKATA AMERICAS (U.S.A.) Incorporated: Mar 28, 2003 1014 [TKAM]
USD 456,331,510
100% EUR 7,153,180
Takata Uruguay S.A. (Uruguay) Incorporated: Feb 14, 2011 1091 [TKU]
USD 9,968,020
0.4% JPY 1(16/3減損)
99.6% USD 598,427,800
※1 0.1% EUR 109
99.9% EUR 44,612,609
TK HOLDINGS INC. (U.S.A.) Incorporated: Nov 13, 1989 1019 [TKH]
602,202,796 USD
TAKATA BRASIL LTDA (Brazil) Acquired: Mar 28, 2003 1056 [TKBR]
BRL 189,659,094
100% USD 10,802,566
TK Finance LLC (U.S.A.) Incorporated: May 9, 2003 1015 [TKF]
USD 10,802,566
100% USD 7,850,000
Syntec Seating Solution LLC (U.S.A.) North Carolina Acquired: Jun 15, 2012 1084 [SSS]
USD 7,850,000
100% USD 18,602,566
TK China LLC (U.S.A.) Incorporated: May 9, 2003 1016 [TKC]
USD 18,602,566
100% USD 40,000,000
Highland Industries,Inc. (U.S.A.) Incorporated:Mar 8,1988 1026 [HII]
USD 40,000,000
100% JPY 25,000,000
ALS Inc. (Japan) Acquired: Jun 13, 2000 1037 [ALS]
JPY 25,000,000
100%
TK Mexico Inc. (America) Incorporated: Aug 6, 2004 1075 [TKMI]
USD 73,500,100
100% USD 9,110,270
Takata Protection Systems, Inc. (U.S.A.) Acquired: Mar 6, 2012 1095 [TPSI]
USD 9,110,270
TK Mexico LLC (America) Incorporated: Aug 6, 2004 1076 [TKML]
USD 236,261
(1%) 99%
TK HOLDINGS DE MEXICO S.DE R.L. DE C.V. (Mexico) Incorporated: Aug 2, 2004 1077 [TKHM]
MXN 949,231,060
100% USD 2,600,000
Interiors In Flight, Inc (U.S.A.) Acquired: Jul 24, 2013 1102 [IIF]
USD 2,600,000
(1%) (99%)
EQUIPO AUTOMOTORIZ AMERICANA S.A. DE C.V. (Mexico) Incorporated:Dec 17,1973
MXN 46,051,650
INDUSTRIAS IRVIN DE Mexico, S.A. DE C.V. (Mexico) Incorporated: Jan 23, 1989 1022 [IIM]
MXN 10,492,500
FALCOMEX SA DE CV (Mexico) Incorporated: Jan 23, 1989 1024 [FALC]
MXN 33,734,640
TAKATA DE MEXICO S.A. DE C.V. (Mexico) Incorporated: Jun 3,1994 1040 [TDM]
MXN 99,934,900
STROSSHE-MEX S.DE R.L. DE C.V. (Mexico) Incorporated: Jul, 2004 1074 [SMX]
MXN 3,000
100% JPY1,165,900,001(2011/3減損)
Takata (Changxing) Safety Systems Co., Ltd. (China) Incorporated: Dec 1, 2005 1078 [TCX]
202,242,527 CNY
100% JPY 1(2011/3減損)
Takata Automotive Electronics Shanghai (China) Incorporated: May 22, 2008 1082 [TAES]
CNY 34,850,799
100% JPY 1,600,000,000
Takata (Tianjin) Automotive Component Co. ,Ltd. (China) Incorporated: April 30, 2012 1094 [TTAC]
CNY 124,390,400
100% CNY 100,000,000
Takata (Jingzhou) Automotive Component Co.,Ltd. (China) Incorporated: Aug 13, 2013 1099 [TJAC]
CNY 100,000,000
100% USD 20,000,000
Takata (Shanghai) Automotive Component Co., Ltd. (China) Incorporated: Sep 12, 2003 1066 [TSAC]
CNY 165,539,250
100% CNY 15,000,000
Takata (Shanghai) Vehicle Safety Systems Technical Center Co.,Ltd. (China) 1093 [TSTC]
CYN 15,000,000
96% ※2 EUR 408,275
RTA Holdings, Inc. (Philippines) Incorporated: Oct 29, 1997 1045 [RTAH]
PHP 25,000,000
60% PHP 24,000,000
40% EUR 327,056
RTA Properties, Inc. (Philippines) Incorporated: Nov 18, 1997 1046 [RTAP]
PHP 40,000,000
100% EUR 35,530,628
Takata (Philippines) Corporation (Philippines) Incorporated: Apr 11, 1997 1044 [TPC]
USD 35,941,384
100% EUR 9,551,642
TAKATA ASIA Pte Ltd (Singapore) Incorporated: Apr 16, 1992 1041 [TKA]
SGD 18,485,229
51% EUR 1,169,714
Takata CPI Singapore Pte., Ltd (Singapore) Incorporated: Mar 2, 1999 1043 [TKCPI]
USD 8,000,059
TIF: 4,080,030 USD
Advanced Material Engineering Pte. Ltd.: 3,920,029 USD
75% EUR 31,249,815
Takata-TOA CO., Ltd. (Thailand) Incorporated: Jun 5, 1995 1047 [TTC]
THB 200,000,000
TIF: 146,666,667 THB
TOA Paint (Thailand) Co., Ltd.: 3,000,000 THB
※3 TKJP: 9,533 JPY
100% EUR 35,786,283
Takata Korea Co., Ltd. (S.Korea) Incorporated: Dec 1, 2001 1049 [TKK]
KRW 49,828,256,960
100% EUR 1,581,503
Takata Automotive Safety Systems (M) Sdn.Bhd. (Malaysia) Incorporated:Aug 9,2001 1050 [TSM]
MYR 500,000
75.0% EUR 35,604,006
Takata India Private Limited (India) Incorporated: Jul 20, 2007 1081 [TKI]
INR 2,744,000,000
TIF: 505,000,000 INR
ANAND AUTOMOTIVE SYSTEMS LIMITED: 18,333,300 INR
100% EUR 4,322,962
PT.TAKATA AUTOMOTIVE SAFETY SYSTEMS INDONESIA (Indonesia) Incorporated: Nov 1, 2010 1090 [TASSI]
IDR 53,538,000,000
※3 TKJP: 6,104,382 JPY

