## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TAKATA CORPORATION,<br><br>Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |
| In re:<br><br>TAKATA KYUSHU CORPORATION,<br><br>Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |
| In re:<br><br>TAKATA SERVICE CORPORATION,<br><br>Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |

## FOREIGN REPRESENTATIVE'S MOTION FOR AN ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 15 CASES

Takata Corporation ("TKJP"), in its capacity as the authorized foreign representative (the "Foreign Representative") of the Japanese Debtors (as defined below), submits this motion (the "Motion"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), requesting entry of an order (the "Proposed Order"), substantially in the form attached hereto as Exhibit A, directing the joint administration of the Japanese Debtors' related chapter 15 cases. In support of this Motion, the Foreign Representative relies upon the *Verified Petition for Entry of an Order Recognizing Foreign Main Proceedings*, filed by the Foreign Representative (the

"Verified Petition"),[1] the *Declaration of Nobuaki Kobayashi in Support of Verified Petitions for Recognition and Chapter 15 Relief* (the "Japanese Proceedings Declaration"), and the *Foreign Representative's Memorandum of Law in Support of Verified Chapter 15 Petition and Certain Provisional Relief* (the "Memorandum of Law"), each filed contemporaneously herewith and incorporated by reference.   In further support of this Motion, the Foreign Representative respectfully represents as follows:

## BACKGROUND

1.     On June 26, 2017 (Japan time), TKJP and its above-captioned affiliates, Takata Kyushu Corporation ("TK9") and Takata Service Corporation ("TKS," and with TKJP and TK9, collectively, the "Japanese Debtors" and, together with their direct and indirect subsidiaries, "Takata"),[2] commenced Civil Rehabilitation Proceedings (the "Japanese Proceedings") under the Civil Rehabilitation Act of Japan, Act No. 225 of December 22, 1999 (the "Civil Rehabilitation Act") before the 20th Department of the Civil Division of the Tokyo District Court Japan (the "Japanese Court").   On that date, the Japanese Court issued a temporary restraining order and an order appointing a supervisor for each Japanese Debtor.   The Japanese Court appointed Mr. Katsuyuki Miyakawa, a Japanese lawyer, as the Japanese Debtors' supervisor (the "Supervisor"). On June 28, 2016, the Japanese Court entered orders approving the commencement of the Japanese Debtors' proceedings under the Civil Rehabilitation Act.

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Verified Petition.

[2]   On June 25, 2017, certain of the Japanese Debtors' affiliates filed for bankruptcy under chapter 11 of the Bankruptcy Code.  Those affiliates are:  Takata Americas; TK Finance, LLC; TK China, LLC; TK Holdings Inc.; Takata Protection Systems Inc.; Interiors in Flight Inc.; TK Mexico Inc.; TK Mexico LLC; TK Holdings de Mexico, S. de R.L. de C.V.; Industrias Irvin de Mexico, S.A. de C.V.; Takata de Mexico, S.A. de C.V.; and Strosshe-Mex, S. de R.L. de C.V. (collectively, the "Chapter 11 Debtors").

2.      Immediately after that filing, the Japanese Debtors entered into (i) an interim accommodation agreement with certain major OEMs to provide certain financial support and other accommodations on an interim basis (the "Interim Accommodation Agreement"),[3] and (ii) a DIP financing agreement with a financial institution.

3.      On August 7, 2017 (Japan time), the Supervisor, pursuant to the powers conferred upon him under the Civil Rehabilitation Act and the Japanese Court Orders, issued a consent authorizing (i) the Japanese Debtors to file the Chapter 15 Cases, and (ii) TKJP to serve as the foreign representative of the Japanese Debtors (the "Supervisor Consent").

4.      On the date hereof, the Foreign Representative commenced these Chapter 15 Cases by filing petitions (collectively, the "Chapter 15 Petitions") pursuant to sections 1504 and 1515 of the Bankruptcy Code (collectively, the "Chapter 15 Cases") seeking recognition by this Court of the Japanese Proceedings as foreign main proceedings under chapter 15 of the Bankruptcy Code.

5.      Contemporaneously with the filing of this Motion, the Foreign Representative filed the Verified Petition, through which the Foreign Representative seeks recognition of the Japanese Proceedings as "foreign main proceedings" as defined in sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

6.      Additional factual background regarding the Japanese Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these Chapter 15 Cases, is set forth in detail in the Verified Petition.  Details regarding the Japanese Proceedings and the Civil Rehabilitation Act process are set forth in the Verified Petition and the Japanese Proceedings Declaration.

---

[3]     The Interim Accommodation Agreement expired by its terms on July 31, 2017.  As a result, the Debtors and certain major OEMs are in the process of negotiating and finalizing a final, long-form accommodation agreement (the "Final Accommodation Agreement").

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Recognition of a foreign proceeding and other matters under chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

8.      These cases have been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of Chapter 15 Petitions for recognition of the Japanese Proceedings under section 1515 of the Bankruptcy Code.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1410.

10.      The statutory predicates for the relief requested in this Motion are Bankruptcy Rule 1015(b) and Local Rule 1015-1.

## RELIEF REQUESTED

11.      By this Motion, the Foreign Representative requests entry of the Proposed Order, substantially in the form attached hereto as Exhibit A, directing joint administration of these Chapter 15 Cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  Specifically, the Foreign Representative respectfully requests that the Court maintain one file and one docket for all of the Japanese Debtors' cases under the case of TKJP and that the cases be administered under a consolidated caption (the "Proposed Caption"), as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| TAKATA CORPORATION, et al.[1] | Case No. 17-_____ (___) |
| Debtors in a foreign proceeding. | (Jointly Administered) |

[1] The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation.  The registered office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan.   The registered office for Takata Kyushu Corporation is located at 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan.  The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

12.     The Foreign Representative requests that the Court find that the Proposed Caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

13.     In addition, the Foreign Representative also requests a docket entry on the docket of each of the Japanese Debtors' Chapter 15 Cases, other than the case of TKJP, to reflect the joint administration of these Chapter 15 Cases, substantially similar to the following:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 15 cases of Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation.  The docket in the chapter 15 case of Takata Corporation, Case No. 17-_____ (___) should be consulted for all matters affecting this case.

14.     Further, the Foreign Representative requests that the Court authorize the Foreign Representative to utilize a combined service list for the jointly-administered Chapter 15 Cases and that combined notices be sent to certain of the Japanese Debtors' creditors and other parties in interest, as applicable.

**BASIS FOR RELIEF REQUESTED**

15.     Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and its affiliate, the Court may order joint administration of the cases.  See Fed. R. Bank. P. 1015(b).  Additionally, Local Rule 1015-1 states that:

> An order for joint administration may be entered, without notice and opportunity for hearing, upon filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court . . . is warranted and will ease the administrative burden for the Court and the parties.

The Japanese Debtors, consisting of a parent corporation and its direct subsidiaries, are "affiliates" as the Bankruptcy Code defines that term in section 101(2).  See 11 U.S.C. § 101(2).  An order of joint administration relates to the routine administration of a case and may be entered by the Court without notice or a hearing upon the filing of a motion requesting joint administration and an affidavit or verification establishing that joint administration is warranted.  See Local Rule 1015-1.  Accordingly, the Court is authorized to grant the relief requested herein.

16.     The Japanese Proceedings Declaration establishes that joint administration of these Chapter 15 Cases (i) is warranted because the Japanese Debtors' financial affairs and business operations are closely related and (ii) will ease the administrative burden of these Chapter 15 Cases on the Court and parties in interest.  The Foreign Representative anticipates that the various notices, motions, hearings, orders, and other pleadings in these Chapter 15 Cases will affect all of the Japanese Debtors.  The failure to jointly administer these cases would result in numerous duplicative pleadings filed for each issue and served upon separate service lists.  Such duplication of substantially identical documents would be wasteful and would unnecessarily burden the Clerk of the Court (the "Clerk").

01:22062483.9

17.     Joint administration will permit the Clerk to use a single docket for all of the Chapter 15 Cases and combine notices to certain of the Japanese Debtors' creditors and other parties in interest.  Joint administration also will protect parties in interest in these Chapter 15 Cases by ensuring that they will be apprised of the various matters before the Court for each of the Japanese Debtors.  The Foreign Representative further requests that the Proposed Caption set forth above be approved as the modified caption for these Chapter 15 Cases.

18.     The rights of the respective creditors of each of the Japanese Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought herein is purely procedural and not intended to affect substantive rights.  Each creditor and party in interest will maintain whatever rights it has against the particular Japanese Debtor against which it allegedly has a claim or right.  Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court and the Clerk also will be relieved of the burden of entering duplicative orders and keeping duplicative files, and supervision of the administrative aspects of these cases by the Office of the United States Trustee for the District of Delaware will be simplified.

19.     For all of the foregoing reasons, the Foreign Representative respectfully requests entry of the Proposed Order providing for the joint administration of these Chapter 15 Cases.

### NOTICE

20.     Notice of this Motion has been provided to: (a) counsel to the Chapter 11 Debtors; (b) counsel to any official committee appointed in the Chapter 11 Debtors' cases; (c) the Office of the United States Trustee for the District of Delaware; (d) the Offices of the United States Attorney for each of the District of Delaware and the Eastern District of Michigan; (e) NHTSA; (f) the DOJ; (g) counsel for the Consenting OEMs and Secured Accommodation Parties, Morris,

01:22062483.9

Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, DE 19899 (Attn: Derek C. Abbott, Esq.); and (h) counsel to Key Safety Systems, Inc.   The Foreign Representative submits that the foregoing notice constitutes reasonable and proper notice under the circumstances, and that no other or further notice is necessary or required.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter the Proposed Order, in substantially the form attached hereto as <u>Exhibit A</u>, and that the Court grant such other relief as is just and proper.

Dated: August 9, 2017
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Pauline K. Morgan*
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Ryan M. Bartley (No. 4985)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 571-6600
Facsimile:  (302) 571-1253

-and-

NAGASHIMA OHNO & TSUNEMATSU
Nobuaki Kobayashi (*pro hac vice admission pending*)
JP Tower
2-7-2 Marunouchi, Chiyoda-ku
Tokyo 100-7036, Japan
Telephone:  +81-3-6889-7000
Facsimile:  +81-3-6889-8000

*Counsel to the Foreign Representative*

01:22062483.9

**<u>Exhibit A</u>**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>TAKATA CORPORATION,<br><br>               Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |
| In re:<br><br>TAKATA KYUSHU CORPORATION,<br><br>               Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested) |
| In re:<br><br>TAKATA SERVICE CORPORATION,<br><br>               Debtor in a foreign proceeding. | Chapter 15<br><br>Case No. 17-_____ (___)<br><br>(Joint Administration Requested)<br><br>**Docket Ref. No. ____** |

## ORDER DIRECTING JOINT ADMINISTRATION OF
## THE DEBTORS' CHAPTER 15 CASES

Upon the motion (the "Motion")[1] of Takata Corporation ("TKJP"), in its capacity as the authorized foreign representative (the "Foreign Representative") of itself, Takata Kyushu Corporation, and Takata Service Corporation (collectively, the "Japanese Debtors"), requesting entry of an order (the "Order") directing the joint administration of the Japanese Debtors' related Chapter 15 Cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1; and upon the Japanese Proceedings Declaration and the Memorandum of Law; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. § 1410; and appropriate notice of and the opportunity for a hearing on the Motion having been given; and the relief requested in the Motion being in the best interests of the Japanese Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Motion is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as set forth herein.

2.      The Chapter 15 Cases shall be, and they hereby are, consolidated for procedural purposes only, and shall be jointly administered by the Court under Case No. 17-_____ (___).

3.      The Clerk of this Court shall maintain one file and one docket for these jointly-administered cases, which file and docket for all of these Chapter 15 Cases shall be the file and docket for Takata Corporation, Case No. 17-_____ (___).

4.      All pleadings and other papers filed in these Chapter 15 Cases shall bear a consolidated caption in the following form:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| TAKATA CORPORATION, <u>et al.</u>[1] | Case No. 17-_____ (___) |
| Debtors in a foreign proceeding. | (Jointly Administered) |

---

[1] The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation. The registered office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan. The registered office for Takata Kyushu Corporation is located at 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan. The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

5.　　The foregoing caption satisfies the requirements set forth in section 342(c) of the Bankruptcy Code in all respects.

6.　　A docket entry shall be made in each of the above-captioned Chapter 15 Cases, except in the case of Takata Corporation, substantially as follows:

> An Order has been entered in this case in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the procedural consolidation and joint administration of the chapter 15 cases of Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation. The docket in the chapter 15 case of Takata Corporation, Case No. 17-_____ (___) should be consulted for all matters affecting this case.

7.　　Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 15 Cases.

8.　　The Foreign Representative is authorized to utilize a combined service list for the Japanese Debtors' jointly-administered cases and send combined notices to creditors of the Japanese Debtors' estates and other parties in interest as applicable.

01:22062483.9

9.      The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

10.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the Clerk is hereby directed to enter this Order on the docket in each Chapter 15 Case of the Japanese Debtors.

11.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  August _____, 2017
        Wilmington, Delaware

_____
        BRENDAN LINEHAN SHANNON
        CHIEF UNITED STATES BANKRUPTCY JUDGE

01:22062483.9