IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> TAKATA CORPORATION, et al.[1] <br><br> Debtors in a foreign proceeding. | Chapter 15 <br><br> Case No. 17-11713 (BLS) <br><br> (Jointly Administered) |

**ORDER GRANTING FINAL RELIEF FOR
RECOGNITION OF FOREIGN MAIN PROCEEDINGS**

This matter coming before the Court on the chapter 15 petitions and the *Verified Petition for Entry of an Order Recognizing Foreign Main Proceedings* (together, the "Verified Petition")[2] of Takata Corporation ("TKJP"), in its capacity as the authorized foreign representative (the "Foreign Representative") of itself, Takata Kyushu Corporation ("TK9") and Takata Service Corporation ("TKS," and with TKJP and TK9, collectively, the "Japanese Debtors") who are debtors in Civil Rehabilitation Proceedings (the "Japanese Proceedings") under the Civil Rehabilitation Act of Japan, Act No. 225 of December 22, 1999 (the "Civil Rehabilitation Act") before the 20th Department of the Civil Division of the Tokyo District Court Japan (the "Japanese Court"); and upon the Japanese Proceedings Declaration and the Memorandum of Law; and having considered the statements of counsel with respect to the Petitions at a hearing before this Court (the "Hearing"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation. The registered office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan. The registered office for Takata Kyushu Corporation is located at 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan. The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition.

*Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Verified Petition in this district being proper pursuant to 28 U.S.C. § 1410; and appropriate notice of and the opportunity for a hearing having been given; and the Court having been advised that the Consenting OEMs with claims against the Japanese Debtors have consented to the relief requested in the Verified Petition subject to the reservation of rights set forth herein; and the relief requested in the Verified Petition as modified by this Order being necessary to preserve the value of the Japanese Debtors' assets and business and in the best interests of the Japanese Debtors' estates, their creditors and other parties in interest; and the Court having determined that the relief requested in the Verified Petition as modified by this Order is consistent with the purpose of chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Verified Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. TKJP, a Japanese Corporation, is a person within the meaning of section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of each of the Japanese Debtors within the meaning of section 101(24) of the Bankruptcy Code.

C. These Chapter 15 Cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

D. The Chapter 15 Petitions meet the requirements of section 1515 of the Bankruptcy Code and the Chapter 15 Cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

F. The Japanese Proceedings are "foreign proceedings" pursuant to section 101(23) of the Bankruptcy Code.

G. The Japanese Proceedings are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H. Japan is the center of main interests for each of the Japanese Debtors.

I. The Japanese Proceedings pending in the Japanese Court, in the location that is the Japanese Debtors' center of main interest, constitute foreign main proceedings pursuant to section 1502(4) of the Bankruptcy Code and are entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

J. The Foreign Representative is entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

K. All creditors and other parties in interest are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

L. The relief granted herein is necessary and appropriate, in the interest of the public and international comity, consistent with the public policy of the United States, warranted

pursuant to sections 105(a), 1517, 1520, and 1522 of the Bankruptcy Code, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted.

Based on the foregoing findings of fact and conclusions of law, IT IS HEREBY ORDERED THAT:

1. The Verified Petition is GRANTED as set forth herein.

2. The Japanese Proceedings are hereby recognized as "foreign main proceedings" pursuant to section 1517(b)(1) of the Bankruptcy Code.

3. TKJP is the duly appointed foreign representative of the Japanese Debtors within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Japanese Debtors during the Chapter 15 Cases.

4. The Japanese Court Orders are hereby enforced and recognized on a final basis and given full force and effect in the United States.

5. All relief afforded a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted. Specifically, and subject to Paragraph 6 of this Order, the automatic stay provisions of section 362 of the Bankruptcy Code shall operate as a stay of any litigation against the Japanese Debtors or execution against any property of the Japanese Debtors within the territorial jurisdiction of the United States.

6. Notwithstanding anything to the contrary contained herein, nothing in this Order (i) serves to grant any injunction that is prohibited under section 1519(d) or 1521(d) of the Bankruptcy Code, (ii) impairs or limits any rights or obligations of the Japanese Debtors or the OEMs that are parties to the Final Accommodation Agreement from enforcing the terms of that agreement or exercising their rights thereunder, to the extent permitted by the Civil Rehabilitation Act and any applicable order of the Japanese Court, or (iii) prevents a party

holding a claim against any of the Japanese Debtors from filing such claim in the Japanese Proceedings, *provided however*, that all parties who believe they have a claim against any of the Japanese Debtors are obligated to file such claim in the Japanese Proceedings, and, in accordance with the Civil Rehabilitation Act, and failure to do so may result in a waiver of such claim or having such claim be barred from being asserted against the Japanese Debtors.

7. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and that certain *Order Granting Limited Provisional Relief for Recognition of a Foreign Proceeding* [Docket No. 25] (the "Provisional Relief Order") shall remain in full force and effect. To the extent there is any inconsistency between this Order and the Provisional Relief Order, the language in this Order shall control.

8. Notwithstanding anything to the contrary contained herein, all rights of (a) the Consenting OEMs and (b) to the extent they have standing in the Chapter 15 Cases, the Official Committee of Unsecured Creditors in the Chapter 11 Cases, the Tort Claimants' Committee in the Chapter 11 Cases, the Takata MDL Plaintiffs (as defined in the objection filed at Docket No. 62), and the Future Claimants Representative appointed in the Chapter 11 Cases to object or challenge any other relief that may be requested by the Foreign Representative or Japanese Debtors in the Chapter 15 Cases are expressly reserved, including, without limitation, the recognition of any orders of the Japanese Court that are not Japanese Court Orders.

9. No action taken by the Foreign Representative, the Japanese Debtors, or each of their successors, agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Japanese Proceedings, the Japanese Court Orders, this Order, or the Chapter 15 Cases or any

adversary proceeding therein, or any further proceeding commenced thereunder, shall be deemed to constitute a waiver of the protections afforded such person under sections 306 and 1510 of the Bankruptcy Code.

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

11. Without limiting any other service requirements under this Court's prior order prescribing the form and manner of notice in these Chapter 15 Cases, a copy of this Order shall be served, within three business days of entry of this Order, by first class mail, postage prepaid, upon all persons or bodies authorized to administer foreign proceedings of any of the Japanese Debtors, all parties to litigation pending in the United States to which any Japanese Debtor was a party at the time of the filing of the Petition, and the United States Trustee.

12. Such service shall be good and sufficient service and adequate notice for present purposes.

[order continues on next page]

13. This Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through the Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

Dated: November 14, 2017
Wilmington, Delaware

_____
BRENDAN LINEHAN SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE