# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : <br><br> TAKATA CORPORATION, et al.[1] <br><br> Debtors in a foreign proceeding. | Chapter 15 <br><br> Case No. 17-11713 (BLS) <br><br> (Jointly Administered) <br><br> Ref. Docket Nos. 137, 139, 148, 149 & 153 |

## ORDER RECOGNIZING THE JAPANESE SALE APPROVAL

Upon the motion (the "*Motion*")[2] of Takata Corporation, in its capacity as the authorized foreign representative (the "*Foreign Representative*") for itself, Takata Kyushu Corporation, and Takata Service Corporation (collectively, the "*Japanese Debtors*"), requesting entry of an order, pursuant to sections 105, 1507, 1521, 1525, and 1527 of title 11 of the Bankruptcy Code, recognizing and giving full effect to the Japanese Sale Approval, a certification of which is attached hereto as Exhibit 1; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Motion and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, the Court hereby **FINDS, DETERMINES AND CONCLUDES** that:

---

[1] The chapter 15 debtors are Takata Corporation, Takata Kyushu Corporation, and Takata Service Corporation. The registered office for Takata Corporation and Takata Service Corporation is located at 2-12-31 Akasaka, Minato-ku, Tokyo, 107-0052, Japan. The registered office for Takata Kyushu Corporation is located at 2195-4 Oaza Befu, Higashitaku-machi, Taku-shi, Saga, 846-0012, Japan. The Foreign Representative is located at Takata Corporation, 2-3-14 Higashishinagawa, Shinagawa-ku, Tokyo, 140-0002, Japan.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Declaration of Mitsuhiro Kamiya in Support of Motion of the Foreign Representative for Recognition of the Japanese Sale Approval.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. Under Japanese law, the scope of the assets and liabilities transferred in an Article 42 business transfer is governed by the terms of the contract between the purchaser and the seller, and the Japan APA, which governs the business transfer of substantially all of the non-PSAN assets of the Japanese Debtors to KSS, provides that KSS purchased the Purchased Assets free and clear of all Liens except for the Assumed Liabilities and the Permitted Liens.

B. The Civil Rehabilitation Court approved the Japanese Sale on February 26, 2018.

C. The legal effect of the Japanese Sale is that KSS purchased the Purchased Assets free and clear of all Liens except for the Assumed Liabilities and the Permitted Liens, and the doctrine of successor liability which allows a creditor to seek recovery from the purchaser of assets for liabilities that were not assumed as part of an acquisition is not applicable to the Japanese Sale.

## ORDER

**ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND DETERMINED THAT:**

1. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2. The Motion is GRANTED as set forth herein.

3. Pursuant to sections 105, 1507, 1521, 1525, and 1527 of the Bankruptcy Code, the legal effect of the Japanese Sale Approval, and all of its terms, are fully recognized, granted comity, and given full force and effect in the United States.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure or the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for

the District of Delaware to the contrary: (a) this Order shall be effective immediately and enforceable upon its entry; (b) no person is subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) all persons are authorized and empowered, and may in their discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

5. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: May 22, 2018
Wilmington, Delaware

BRENDAN LINEHAN SHANNON
CHIEF UNITED STATES BANKRUPTCY JUDGE