## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

-------------------------------------------------------------------x
:
In re                                                   :          **Chapter 11**
:
**TK HOLDINGS INC.,** *et al.,*[1]                       :          **Case No. 17-11375 (BLS)**
:
:          **Jointly Administered**
        **Debtors.**                                     :
:
:
-------------------------------------------------------------------x
-------------------------------------------------------------------x
:
In re                                                   :          **Chapter 15**
:
**TAKATA CORPORATION,** *et al.,*[2]                     :          **Case No. 17-11713 (BLS)**
:
:          **Jointly Administered**
        **Debtors in a foreign proceeding.**             :
:
-------------------------------------------------------------------x

## OBJECTION OF TK HOLDINGS INC.
## AND TKJP CORPORATION TO CLAIMANT
## MONIQUE ENGLEMAN'S MOTION TO BE PAID
## FOR HER PERSONAL INJURY UNDER THE BANKRUPTCY
## CASE, OR FOR RELIEF FROM STAY TO PROSECUTE HER STATE
## COURT CASE BECAUSE SHE IS FAST APPROACHING THE FIVE-YEAR
## STATUTE OF LIMITATIONS TO HAVE HER CASE TO TRIAL IN CALIFORNIA

TK Holdings Inc. ("***TKH***" and, for the period from and after the Effective Date,

"***Reorganized TKH***"), and TKJP Corporation (*formerly* Takata Corporation, herein referred to as

---

[1] The chapter 11 debtors, along with the last four digits of each Debtor's federal tax identification number, as applicable, are: Takata Americas (9766); TK Finance, LLC (2753); TK China, LLC (1312); TK Holdings Inc. (3416); Takata Protection Systems Inc. (3881); Interiors in Flight Inc. (4046); TK Mexico Inc. (8331); TK Mexico LLC (9029); TK Holdings de Mexico S. de R.L. de C.V. (N/A); Industrias Irvin de Mexico, S.A. de C.V. (N/A); Takata de Mexico, S.A. de C.V. (N/A); and Strosshe-Mex, S. de R.L. de C.V. (N/A) (collectively, the "***TKH Debtors***" for the period prior to the Effective Date and the "***Reorganized TKH Debtors***" for the period from and after the Effective Date). Except as otherwise set forth herein, the TKH Debtors' international affiliates and subsidiaries were not debtors in the chapter 11 cases.

[2] The chapter 15 debtors are TKJP Corporation (*formerly* Takata Corporation), Takata Kyushu Corporation, and Takata Service Corporation (collectively, the "***Japan Debtors***").

"**TKJP**" and, collectively with Reorganized TKH, the "**Takata Entities**") together hereby file this objection (this "**Objection**") to *Claimant Monique Engleman's Motion to be Paid for Personal Injury Under the Bankruptcy Case, or for Relief From Stay to Prosecute Her State Court Case Because She is Fast Approaching the Five-Year Statute of Limitations to Have Her Case to Trial in California* [Case No. 17-11375, ECF No. 4172] (the "**Motion**") filed by Monique Engleman (the "**Claimant**").[3] In support of this Objection, the Takata Entities respectfully state as follows:

**Background**

1.      On November 12, 2015, the Claimant filed a complaint (the "**Complaint**"), a copy of which is included in Exhibit A to Claimant's Motion, with the Superior Court of California commencing a personal injury suit against TKH and Takata Corporation (now TKJP) (the "**PI Suit**," and Claimant's claims thereunder, the "**PI Suit Claims**"). *See Engleman v. American Honda, et al.*, Santa Cruz County, CA, Case No. 15-cv-00271.

2.      On June 25, 2017, each of the TKH Debtors commenced voluntary cases (collectively, the "**Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**").

3.      On June 26, 2017, each of TKJP and certain of its affiliates (collectively, the "**Japan Debtors**") filed a petition to commence a civil rehabilitation case (collectively, the "**Japanese Proceedings**") under the Civil Rehabilitation Act (as defined in the Recognition Order) before the 20th Department of the Civil Division of the Tokyo District Court Japan.  On August 9, 2017, TKJP, as the foreign representative of the Japan Debtors, filed with the

---

[3] Capitalized terms used but not defined herein shall have the meanings given them in the Plan or the Objection.

Bankruptcy Court the *Chapter 15 Petition for Recognition of a Foreign Proceeding* [Case No. 17-11713, ECF No. 1] seeking recognition of the Japanese Proceedings under chapter 15 of the Bankruptcy Code. The Bankruptcy Court granted the chapter 15 petition on a final basis on November 14, 2017 pursuant to that certain *Order Granting Final Relief for Recognition of Foreign Main Proceedings* [Case No. 17-11713, ECF No. 86] (the "***Recognition Order***"). The Recognition Order, *inter alia*, stayed the commencement or continuation of all cases within the territorial jurisdiction of the United States against the Japan Debtors. *See* Recognition Order, ¶ 5.

4.      On January 5, 2018, the Bankruptcy Court entered its *Order (I) Approving the Proposed Disclosure Statement and the Form and Manner of the Notice of a Hearing Thereon, (II) Establishing Solicitation and Voting Procedures, and (III) Establishing Notice and Objection Procedures for Confirmation of the Debtors' Plan* [Case No. 17-11375, ECF 1639] (together with all schedules and exhibits thereto, the "***Solicitation Procedures Order***"). Among other things, the Solicitation Procedures Order established certain procedures for soliciting and tabulating votes with respect to the Plan and approved notices, forms, and ballots to be submitted to parties in interest (collectively, the "***Solicitation Packages***").

5.      On January 11, 2018, pursuant to the Solicitation Procedures Order, Prime Clerk caused a Solicitation Package to be served on the Claimant's representatives. *See Affidavit of Service of Solicitation Materials*, dated January 19, 2018 [Case No. 17-11375, ECF No. 1761] (the "***Solicitation Packages Affidavit***").  Specifically, Prime Clerk caused a Solicitation Package to be mailed to the Claimant by first class mail, postage prepaid, at the following addresses: Jesse S. Turner Esq. and John Kevin Crowley Esq., 125 S. Market Street, Ste. 1200, San Jose, CA 95113 and Jesse S. Turner Esq., P.O. Box 1251, Soquel, CA 95073. Prime Clerk received any Solicitation Package that was returned as undeliverable and maintained a list of all undeliverable

Solicitation Packages. *See* Prime Clerk Declaration, ¶ 3. The Solicitation Package mailed to the Claimant's representatives was not returned as undeliverable. *Id.*

6.    On February 21, 2018, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and Its Affiliated Debtors*, dated February 21, 2018 [Case No. 17-11375, ECF No. 2120] (the "***Confirmation Order***") confirming the Plan in the Chapter 11 Cases.

7.    On April 4, 2018, TKH and TKJP, among others, entered into a settlement agreement, pursuant to which the Japan Debtors made significant contributions to the TKH Debtors' estates.  On April 9, 2018, the Bankruptcy Court approved the settlement in its *Order Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. 6004, 9019, and 9024 (I) Authorizing and Approving Certain Settlements and (II) Vacating the Discharge Opinion* [Case No. 17-11375, ECF No. 2594] (the "***Settlement Order***"), and, as a result, granted the Japan Debtors "Released Party" status under the Plan. *See* Settlement Order, ¶ 3.

8.    On April 10, 2018, the Effective Date of the Plan occurred. *See Notice of Occurrence of Effective Date of Fifth Amended Joint Chapter 11 Plan of Reorganization of TK Holdings Inc. and Its Affiliated Debtors*, dated April 11, 2018 [Case No. 17-11375, ECF No. 2646] (the "***Notice of Effective Date***"). The Notice of Effective Date expressly provides that the Japan Debtors became "Released Parties" under the Plan. Notice of Effective Date, p. 5.

9.    On February 7, 2020, the Takata Entities filed the *Joint Motion of TK Holdings Inc. and TKJP Corporation to Enforce Discharge, Releases, Injunctions and the Automatic Stay Against the PI/WD Plaintiffs Pursuant to Sections 105, 362, 524, 1141, and 1520 of the Bankruptcy Code* [Case No. 17-11375, ECF No. 4084; Case No. 17-11713, ECF No. 179] (the

"*Motion to Enforce*") and the *Declaration of Christina Pullo in Support of Joint Motion of TK Holdings Inc. and TKJP Corporation to Enforce Discharge, Releases, Injunctions and the Automatic Stay Against the PI/WD Plaintiffs Pursuant to Sections 105, 362, 524, 1141, and 1520 of the Bankruptcy Code* (the "**Prime Clerk Declaration**"). The Motion to Enforce sought an order directing dismissal of certain personal injury suits, including the PI Suit. The basis for dismissal of the PI Suit, as set forth in Exhibit A-2 thereto, was that the Claimant was a "Releasing Party" under the Plan because she was served with a Solicitation Package and did not opt out of the broad release set forth in the Plan.

10.    On February 25, 2020, the Claimant filed an objection to the Motion to Enforce [Case No. 17-11713, ECF No. 181]. Although the Motion to Enforce sought an order directing dismissal of the PI Suit on the grounds that the Claimant released her claims under section 10.6(b) of the Plan, the Claimant's objection never asserted that she had not been properly served with a Solicitation Package or that she properly opted out of the Plan's releases. Instead, the Claimant's objection argued that the Bankruptcy Court should not direct dismissal of the PI Suit because the Channeling Injunction and the Confirmation Order do not apply to the Claimant.

11.    On April 2, 2020, in an effort to allow the parties enough time to reach a consensual resolution of the Claimant's objection to the Motion to Enforce, the Takata Entities filed a revised proposed order, which adjourned the Motion to Enforce *sine die* with respect to the Claimant's PI Suit. *See Certification of Counsel* [Case No. 17-11375, ECF No. 4110; Case No. 17-11713, ECF No. 182].

12.    On April 2, 2020, the Bankruptcy Court entered its *Order Granting, in Part, Joint Motion of TK Holdings Inc. and TKJP Corporation to Enforce Discharge, Releases, Injunctions and the Automatic Stay Against the PI/WD Plaintiffs Pursuant to Sections 105, 362, 524, 1141,*

*and 1520 of the Bankruptcy Code* [Case No. 17-11375, ECF No. 4111; Case No. 17-11713, ECF No. 183], which granted substantially all of the relief sought by the Takata Entities in the Motion to Enforce, but adjourned *sine die* the hearing on the Motion to Enforce with respect to the Claimant. The Motion to Enforce as to the Claimant and the Claimant's Motion raise substantially similar issues of law and fact, and, accordingly, the Takata Entities have filed a re-notice of hearing on the Motion to Enforce as to the Claimant so that it can be heard on September 16, 2020, the same date that the Bankruptcy Court considers the Motion.

13.     On August 18, 2020, the Claimant filed the Motion and the declarations of John Kevin Crowley and Jesse S. Turner, the Claimant's attorneys, in support thereof [Case No. 17-11375, ECF Nos. 4172-2 and 4172-3] (collectively, the "***Declarations of Counsel***").

## Objection

14.     By the Motion, the Claimant seeks to be immediately paid on account of the PI Suit Claims or, in the alternative, relief from the automatic stay to pursue the PI Suit. *See* Motion, ¶ 1. The Bankruptcy Court should deny this relief for the reasons set forth herein. First, as set forth in the Motion to Enforce, the Claimant has no right to recover because the Claimant's claims were discharged and released under the Plan. Before the Bankruptcy Court can consider any other relief sought in the Motion, it must first determine the Motion to Enforce with respect to the PI Suit, and, in particular, whether the PI Suit Claims were released and discharged under the Plan.

15.     In the Motion to Enforce, the Takata Entities clearly stated that the Claimant's PI Suit Claims had been released under the Plan because the Claimant was properly served with a Solicitation Package and failed to vote on the Plan or otherwise opt out of the Plan's releases. *See* Motion to Enforce, ¶¶ 3, 34-35; Prime Clerk Declaration, Exhibit A; Solicitation Packages

Affidavit. Specifically, as set forth in the Prime Clerk Declaration and the Solicitation Package

Affidavit, Prime Clerk mailed a Solicitation Package to the Claimant by first class mail, postage

prepaid. *See* Prime Clerk Declaration, ¶ 3; Solicitation Packages Affidavit. The Solicitation

Package that was mailed to the Claimant was not returned as undeliverable. *See* Prime Clerk

Declaration, ¶ 3. The Claimant subsequently failed to vote on the Plan or otherwise opt out of the

Plan's releases. *See* Prime Clerk Declaration, Exhibit A. Therefore, because the Takata Entities

are "Released Parties" under section 10.6(b) of the Plan, the Claimant is deemed to have released

the PI Suit Claims against the Takata Entities and is barred from continuing to prosecute the PI

Suit.

16.     Moreover, in her response to the Motion to Enforce, the Claimant did not assert

that she had not received the Solicitation Package. Accordingly, the Claimant's time to respond

to the Motion to Enforce has long since passed, and the Claimant should not be permitted to

make an end run around the objection deadline to raise new arguments to the relief sought in the

Motion to Enforce by bringing a separate motion for relief from stay. *See Notice of Motion and*

*Hearing* [Case No. 17-11375, ECF No. 4084-1; Case No. 17-11713, ECF No. 179-1] (setting

February 25, 2020 as the deadline to respond or object to the Motion to Enforce).

17.     Even if the Claimant were permitted to raise the issue of non-receipt of the

Solicitation Package at this time, the bare assertions set forth in the Declarations of Counsel do

not negate the presumption that the Solicitation Package was properly served on, and delivered

to, the Claimant. The Solicitation Package Affidavit indicates that Messrs. Turner and Crowley,

counsel for the Claimant, each received Solicitation Packages in their capacities as the

Claimant's representatives, and the Claimant has not suggested that Messrs. Turner and Crowley

were not the proper representatives of the Claimant to receive service of the Solicitation

Package. The Solicitation Package was mailed to the addresses set forth for notices in the proofs of claim filed by the Claimant. *See* Claim Nos. 117, 2520, 2566, 3096. The Solicitation Package Affidavit serves as *prima facie* evidence that the Claimant was properly served with a Solicitation Package, and, as a result, the Claimant's Solicitation Package is presumed to have been received by the Claimant. *See, e.g., Hechinger Inv. Co. of Del. v. Survivor Techs. (In re Hechinger Inv. Co. of Del., Inc.)*, 287 B.R. 620, 623 (Bankr. D. Del. 2002) ("[A] signed proof of service constitutes prima facie evidence of valid service."); *De Regla Santana Gonzalez v. United States AG*, 506 F.3d 274, 278 (3d Cir. 2007) (stating that "ordinary regular mail that is properly sent is presumed to be received") (citing *Welch & Forbes Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.)*, 311 F.3d 298, 304 (3d Cir. 2002). As a result, the Claimant had the burden to respond to the Motion to Enforce with evidence to rebut the presumptions that she was properly served with a Solicitation Package and that it was received. *Giuliano v. Haskett (In re MCG Ltd. P'ship)*, 545 B.R. 74, 79 (Bankr. D. Del. 2016) ("If, based on evidence, plaintiff makes out a *prima facie* case as to adequacy of service of process, plaintiff's burden of proof is satisfied unless and until defendant comes forward with evidence sufficient to rebut the evidence presented by the plaintiff…"); *De Regla* 506 F.3d at 279 (indicating that the party arguing that receipt did not actually occur has the burden to rebut the presumption of receipt created by mail that is properly sent).

18.     The statements in the Declarations of Counsel, without more, are not enough to rebut the presumptions created by the Solicitation Package Affidavit that the Claimant was properly served with a Solicitation Package and that the Claimant actually received the Solicitation Package. *See, e.g., Hechinger* 287 B.R. at 623 ("[T]he mere denial of the receipt of service … is insufficient to overcome the presumption of validity of the process server's

affidavit.") (quoting *New York v. Operation Rescue Nat'l*, 69 F. Supp. 2d 408, 416 (W.D.N.Y. 1999)); *Garcia v. Cantu*, 363 B.R. 503, 510 (Bankr. W.D. Tex. 2006) (stating that the "mere denial of receipt of the party being served" is not enough to rebut the *prima facie* evidence of proper service that is created by the filing of affidavit of service).

## <u>Conclusion</u>

19.    For the reasons set forth herein, the Motion should be denied in its entirety.


[*Remainder of Page Intentionally Left Blank*]

Dated: September 2, 2020

By: /s/ Ryan M. Bartley
Robert S. Brady (No. 2847)
Pauline K. Morgan (No. 3650)
Ryan M. Bartley (No. 4985)
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel:  302-571-6600
Fax: 302-571-1253
E-mail:  rbrady@ycst.com
E-mail:  pmorgan@ycst.com
E-mail:  rbartley@ycst.com

-and-

Debra A. Dandeneau (admitted *pro hac vice*)
**BAKER & MCKENZIE LLP**
452 Fifth Avenue
New York, NY 10018
Tel.:  212-626-4100
Fax:  212-310-1600
Email:  debra.dandeneau@bakermckenzie.com

*Counsel to TKJP*

By: /s/ Amanda Steele
Amanda Steele (No. 5530)
Brett M. Haywood (No. 6166)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Tel.: 302-651-7838
Fax:  302-498-7838
E-mail:  Steele@rlf.com
E-mail:  Haywood@rlf.com

-and-

D. Ross Hamilton, Jr.
**TUGGLE DUGGINS P.A.**
100 N. Greene Street, Suite 600
Greensboro, NC 27401
Tel.:  336-271-5279
Fax:  336-274-6590
Email:  RHamilton@tuggleduggins.com

*Counsel to Reorganized TKH*